SECOND NATIONAL BANK OF WINONA *vs.* ALEXANDER DONALD *et al.*

Submitted on briefs Jan. 26, 1894. Reversed Feb. 10, 1894.

No. 8547.

**Findings not supported by the evidence.**

*Held,* that the findings were not justified by the evidence.

Appeal by claimant, Charles E. Magraw, from an order of the Municipal Court of the city of St. Paul, *H. W. Cory,* J., made September 26, 1893, denying his motion for a new trial.

The plaintiff, the Second National Bank of Winona, brought this action in the Municipal Court of the City of St. Paul against Alexander Donald to recover a debt he owed it. At the same time its attorney made and filed an affidavit that C. G. Edwards had money in his hands belonging to Donald. A garnishee summons was issued and served on Edwards. He appeared and disclosed that he had $125 in his hands, a balance of $250 which he received from Donald, but that Charles E. Magraw claimed it. Magraw was noti-

fied and appeared and was joined as a party to the action (1878 G. S. ch. 66, § 174.) He filed a statement of his claim to the money and asked that it be paid to him and that the garnishee be discharged. The plaintiff answered this statement of claim and the claimant replied. The issues thus raised were tried September 12, 1893. Findings were made and judgment ordered, that Donald owned the $125 remaining in Edwards' hands; that Magraw had no right to or interest in it, and that the plaintiff recover that sum of the garnishee. The claimant Magraw made a case containing all the evidence given upon the trial of his claim, and it was settled, signed and filed. On it and the files and record in the case he moved the court for a retrial of the issues, on the ground that the decision is not justified by the evidence and is contrary to law. The motion was denied and the claimant Magraw appeals. The substance of the case is stated in the opinion. The argument here was upon the evidence, whether or not it justified the finding of facts.

*Pinch & Whaley*, for appellant.

*A. E. Hawes*, for respondent.

MITCHELL, J. The only question in this case is whether the evidence justified the finding that the money in the hands of the garnishee, Edwards, belonged to the defendant, Donald, and not to the claimant, Magraw.

The case rested entirely on the testimony of the claimant and the defendant. They both testified to substantially the following state of facts: Defendant, Donald, and a number of others, had formed a voluntary association to search for and secure mineral properties which were supposed to exist in valuable quantities in the vicinity of St. Paul; and for the purpose of defraying the expenses of these searches, and securing title to the mineral when discovered, it was agreed that each member of the association should pay to its treasurer, the garnishee, Edwards, the sum of $250. In pursuance of this arrangement, defendant gave to the treasurer his check for $250, but the check remained unpaid, for want of funds to meet it. At defendant's solicitation, the claimant, Magraw, agreed to invest $250 in the enterprise, the money to remain Magraw's, and to be invested for him, but in the name of the defendant, who was to manage and look after the investment, and to receive a "fair"

or "reasonable" share of the profits, if any. In pursuance of this arrangement, Magraw gave the defendant, Donald, his check for $250, which Donald indorsed, and deposited to his own credit in the bank, upon which he himself had drawn the check for a like amount previously given to the treasurer, Edwards. Edwards then presented and received payment of defendant's check, and part of the proceeds is the money now garnished in Edwards' hands.

The testimony of defendant and Magraw was corroborated by certain documentary evidence, viz. the articles of agreement between the members of the voluntary association, the check given by defendant to Edwards and that given by Magraw to defendant, showing the dates at which they had been respectively paid, also the memorandum receipt given by defendant to Magraw for the $250, at the time of its payment by the latter to the former.

Plaintiff introduced no rebutting evidence. Magraw, the claimant, is the only appellant.

The plaintiff does not claim that, if the facts were as thus testified to, this money would be defendant's, and not Magraw's; but its contention is that the court was not bound to accept the testimony of defendant and Magraw as true, although there was no direct evidence contradicting it; that it contained such inherent improbabilities as to furnish a reasonable ground for concluding that it was not true. While recognizing the correctness of the general rule invoked, and the propriety of its liberal application, especially in cases of alleged frauds, yet it must be remembered that in all cases the positive testimony of an otherwise unimpeached witness can only be disregarded when its improbability or inconsistency furnishes a reasonable ground for doing so, and this improbability or inconsistency must appear from facts and circumstances disclosed by the evidence in the case. It cannot be arbitrarily disregarded by either court or jury, for reasons resting wholly in their own minds, and not based upon anything appearing on the trial.

Even giving all possible weight to the appearance of the witnesses on the stand, we fail to discover in their testimony any such inconsistencies or improbabilities as would justify a court or jury in disregarding it as untrue. Corroborated, as it was, by the documentary evidence, their testimony left no reasonable doubt of the fact (probably the pivotal one in the case) that this money was originally, at

least, the property of Magraw. The only circumstances of any importance relied on as tending to show the improbability of their testimony are the facts that there was no definite agreement as to the share of the profits of the venture which defendant was to receive for his services, and that, when the money was garnished, defendant took an active part in the proceedings instituted to assert Magraw's right to it.

The first fact indicates rather loose business methods and poor business judgment, but not more so than the act of investing money at all in such a visionary scheme.

The conduct of defendant after the garnishment was entirely consistent with an honest desire to protect the money of a friend, who had placed it in his hands for investment.

We can see nothing in either or both of these facts that furnished any reasonable ground for rejecting the testimony of the witnesses as untrue.

Order reversed.

(Opinion published 58 N. W. Rep. 269.)