VINKO BABICH v. OLIVER IRON MINING COMPANY.[1]

November 16, 1923.

No. 23,505.

**Industrial Commission not to be reversed on matter of procedure.**

1. A decision of the Industrial Commission in a workman's compensation case will not be reversed on a mere matter of procedure.

**What is an accidental injury under the compensation act.**

2. A sudden and violent rupture or break in the physical structure of the body of an employe, caused by some strain or exertion in the employment of the master, is an accidental injury within the meaning

[1]Reported in 195 N. W. 784.

of the Workmen's Compensation Act, even though no external un-
foreseen event such as slipping, falling or being struck contributes
thereto.

**Finding required by undisputed evidence.**
    3. The undisputed, unimpeached testimony, not inherently improb-
able, nor discredited by any facts or circumstances in the case, re-
quired a finding that relator suffered an accidental injury, viz. a hernia,
arising out of and in the course of his employment.

Upon the relation of Vinko Babich the supreme court granted its
writ of certiorari directed to the Industrial Commission of Minne-
sota to review proceedings before that commission under the Work-
men's Compensation Act brought by relator, employe, against the
Oliver Iron Mining Company, employer. Reversed and remanded.

    *Boyle & Montague,* for relator.
    *Dennis F. Donovan,* for respondent.

HOLT, J.

This is a workman's compensation case. The employe claims he
was ruptured while at work for respondent in its mine. The referee
found that on June 21, 1922, the employe became temporarily
totally disabled while at work, but that he failed to prove he met
with accidental injuries which arose out of and in the course of his
employment, and denied compensation. He appealed to the indus-
trial commission, where the decision of the referee was affirmed. By
certiorari the matter is before this court.

Some point is made as to the practice adopted by the referee.
After the introduction of the employe's evidence, the employer
moved to dismiss. The motion was taken under advisement, but,
instead of passing on the motion, the referee made findings of fact
and conclusions of law dismissing the petition of the employe on
the merits. We do not think the Workmen's Compensation Statute
requires the procedure thereunder to be the same in every respect
as in the ordinary trial courts. So long as the parties have full
opportunity to present their evidence and be heard on the claim in
conformity to the provisions of the act, this court should not reverse
on mere form of procedure.

The testimony of the employe is that he and a fellow workman, about 8 o'clock in the evening, were at work in respondent's mine timbering a drift. They loaded a low truck with some posts, or timbers and lagging, and moved the truck to where the stuff was to be used. One of the posts, or timbers, was about 6 feet long, 12 inches at the butt and 8 inches at the top. As relator took hold of this timber at the butt, and the other man at the top, to lift it off the truck, he felt a severe pain, became dizzy and sank to his knees. He was unable to continue at any work because of the pain. The foreman was informed of his condition. He rested a couple of hours, thereafter managed to walk to the shaft of the mine, then to the change house and got in his street clothes, went to the street car a short distance, and walked from the street car to his home, a few blocks away. The next morning he went to the employer's hospital at Eveleth complaining of pain around the abdomen and back. The doctor did not discover hernia. Three or four days thereafter, the pain not ceasing, he visited the employer's doctor at Gilbert, who at once discovered a right inguinal hernia. At the employer's hospital an operation to cure the hernia was refused, unless relator would agree to pay therefor. Some 5 weeks thereafter he went to Duluth and submitted to an operation. The surgeon who performed the operation was the only other witness produced. He testified to the conditions existing. He found that the left inguinal ring was enlarged, probably a congenital weakness. In the right groin he found a rupture in the muscle and fascia in and adjacent to the ring—the small bowel protruding. He gave his opinion that this was a recent hernia, because of the tenderness, muscle spasm and pain, the absence of adhesions and the thinness of the sac. He concluded the rupture was traumatic injury caused by the lifting.

If there is any evidence fairly sustaining the findings they must stand. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133. The referee and commission are not necessarily concluded by undisputed testimony. State ex rel. Jefferson v. District Court, 138 Minn. 334, 164 N. W. 1012. But these statements of law must be applied in the light of another well-settled principle, viz., the court, or the person or commission, whose duty it is to determine

facts upon competent evidence, must accept as true the positive, unimpeached testimony of credible witnesses, unless the same is inherently improbable or rendered so by facts and circumstances disclosed at the hearing. Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269; Campbell v. Canadian Northern Ry. Co. 124 Minn. 245, 144 N. W. 772; Goedhard v. Folstead, 156 Minn. 453, 195 N. W. 281. The rule has been recognized and its exceptions applied in a number of cases. Schwartz v. Germania Life Ins. Co. 21 Minn. 215; Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Burud v. Great Northern Ry. Co. 62 Minn. 243, 64 N. W. 562; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474.

Tested by these decisions we are of opinion the evidence established as positively as the injury permits that relator's hernia was an accidental injury received in and arising out of his employment. The compensation law defines personal injuries due to accident "to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body." Laws 1921, p. 126, c. 82, § 66, subd. h. In this case we have an unexpected or unforeseen event, the injury. Relator did not expect or foresee that his lifting the timber would produce hernia. It happened suddenly and violently, for relator at once sank down on his knees with pain, indicating physical violence done to the body. And when shortly thereafter the body was opened the recently ruptured muscles and fascia clearly proved that the cause of the sudden collapse and pain was the injury to the physical structure of the body that must have occurred at the time of the attempted lifting of the timber.

From the referee's memorandum, as well as that of the commission, the difficulty seems to be that the statute was given a narrow instead of a liberal construction. The idea prevailed that in no case can the sudden giving way of some structure of the body unaccompanied by some external untoward event be considered accidental injury within the compensation act. Our construction of the act so far has indicated a contrary view. In State ex rel. v. Puhlmann, 137 Minn. 30, 162 N. W. 678, compensation was allowed

where the employe became paralyzed while pushing a wheelbarrow. There was no untoward external event that suddenly affected the movement of either the employe or the wheelbarrow aside from the ordinary strain incident to the work. The accident was the sudden rupture of a blood vessel. A number of cases is there cited. In State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918, sunstroke was held an accidental injury. Recognition of the same construction of the statute is found in State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311, but there the evidence was held to justify the finding that the beneficiary failed to prove that the employe died from an accidental injury.

The doctor admitted in this case that he could not say positively that the lifting of the timber caused the rupture, but his opinion based on what he found and the history of the case was that it did. No other testimony could be expected from any competent and honest medical expert. That relator may have been predisposed to hernia does not affect his right to compensation. "Every workman brings with him to his employment certain infirmities." Honnold, Workmen's Compensation, p. 461. Hogan v. Twin City Trust Est. 155 Minn. 199, 193 N. W. 122; Casper Cone Co. v. Industrial Com. 165 Wis. 255, 161 N. W. 784, L. R. A. 1917E, 504. The testimony is clear that hernia may be produced by lifting, and that the mere position of the feet and body while in the act may bring on the disaster. That hernia may develop gradually like a disease, does not exclude that injury from compensation when it does come suddenly and violently from some act required to be done in the employment. That there are many cases of gradually appearing hernia may and should incite care on the part of the trial tribunal in determining claims for compensation based on such injury; but when an accidental hernia, within the definition of the statute, has been received in an employment, and such is shown by undisputed and unimpeached credible testimony, compensation should not be withheld because of theories of medical authorities not in evidence or by the adoption of too exacting rules of proof.

The statute, Laws 1921, p. 120, c. 82, § 53, provides that the findings upon which compensation is granted or denied must rest upon

competent testimony. There is nothing in this record to throw suspicion or discredit upon relator's account of sudden pain, collapse and dizziness experienced while engaged in lifting this timber. And the doctor's testimony, based upon plaintiff's testimony and upon what the operation revealed, is equally clear and persuasive that the strain from the lifting caused the rupture. We have in mind that the employe, in order to receive compensation, must establish by fair preponderance of the evidence that the accident causing the injury arose out of and in the course of the employment. But, even so, it is clear to us that the relator here did so establish that fact, unless it be held that no compensation can be had for hernia where no untoward unforeseen event external to the body happened. But we do not think the law should be so construed.

Our Workmen's Compensation Act was adopted after a study of the operation and construction of the English law, and after the courts of that country had receded from the narrow construction of accidents as applied to injuries causing hernia. Fenton v. Thorley & Co. 19 T. L. R. 684, 5 W. C. C. 1; Clover, Clayton & Co. v. Hughes, 3 B. W. C. C. 275 [1910] A. C. 242. If there is a causal connection between the work the employe is doing and the sudden and violent rupture, break or tear in the physical structure of his body, the injury comes within the definition of accidental even though there is nothing extraordinary occurring in or about the work itself such as slipping, or falling or being hit. The exception to this rule seems to prevail in Michigan, where it is held that, unless some fortuitous event aside from the exertions in the ordinary course of the work is shown to be the cause of a hernia, it is not compensable. But the courts generally do not so construe accidental injuries under workmen's compensation acts. E. Baggot Co. v. Industrial Com. 290 Ill. 530, 125 N. E. 254, 7 A. L. R. 1611; Haskell & Barker Car Co. v. Brant, 66 Ind. App. 424, 116 N. E. 337; Matter of Jordan v. Decorative Co. 230 N. Y. 522, 130 N. E. 634; Gilliland v. Ash Grove Lime & Portland Cement Co. 104 Kan. 771, 180 Pac. 793. A large collection of cases relating to hernia is found in 20 A. L. R. pp. 48 et seq.

Respondents place some reliance on Young v. Melrose Granite Co. 152 Minn. 512, 189 N. W. 426. But the point there was that the injury did not come within the statutory definition in that it did not happen suddenly or violently but was the result of long continuous effort.

We conclude that on the evidence presented relator was entitled to findings in his favor. The decision is reversed and the cause remanded with directions to amend the findings and conclusions of law in conformity with this opinion.

Reversed and remanded with directions.

On November 30, 1923, the following order was entered:

PER CURIAM.

The petition for rehearing is denied. When the employe appealed to the commission from the decision of the referee, the employer did not see fit to put in any defense, or ask to be permitted so to do, but stood upon the record as made before the referee, well realizing that the controversy would be decided on the merits. The Workmen's Compensation Act intended summary and inexpensive relief. To compel the employe to again go through with this litigation seems unjust. That he experienced sudden and severe pains when in the act of lifting a timber in his work, he alone could and did testify to. That he had suffered a recent hernia, the physician who operated therefor alone could determine, and he testified and was thoroughly cross-examined by the employer. In order to determine this case justly, there is no need to further consider divergent theories of medical experts concerning the origin of hernia.