## PETER FREDERICKSON v. BURNS LUMBER COMPANY AND ANOTHER.[1]

June 5, 1925.

No. 24,625.

**Finding required that hernia was due to accident arising in course of employment.**

1. Relator was run into by a lumber truck which he was handling in the course of his employment. He was severely bruised in the abdominal region. There was a sudden onset of severe pain in the groin. A hernia developed immediately. There had been no previous symptoms of one. *Held*, there being no evidence contra, there is required a finding that the hernia was due to an accident arising out of and in the course of relator's employment.

**Indefiniteness in notice of appeal from findings may be remedied by order.**

2. So far as the statute (section 10, chapter 300, L. 1923), specifies the form of the notice of appeal from the findings of a referee, it is directory rather than mandatory and, if there is objectionable indefiniteness, it should be remedied by an order rather than punished by dismissal of the appeal.

1. See Workman's Compensation Acts, C. J. p. 115, § 114.
2. See Workman's Compensation Acts, C. J. p. 114, § 109 (1926 Anno).

---

1. See notes in L. R. A. 1916A, 303; L. R. A. 1917D, 108; L. R. A. 1918F, 873. See note in 20 A. L. R. 48.

Upon the relation of P. Frederickson the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review its order dismissing relator's appeal from adverse findings by the referee in his proceeding as employe, against Burns Lumber Company, employer, and Aetna Life Insurance Company, insurer. Reversed.

*George H. Gerlich, Jr.* and *Frederic A. Pike*, for relator.

*Denegre, McDermott, Stearns & Weeks*, for respondents.

[1]Reported in 204 N. W. 161.

STONE, J.

Certiorari to the Industrial Commission to review its order dismissing relator's appeal from adverse findings by the referee.

Mr. Frederickson, the relator, on May 9, 1924, was in the employ of Burns Lumber Company, as a sort of night watchman and janitor. A part of his work was the sweeping of certain floors in the employer's factory. To facilitate that work he had to move, on the evening in question, three trucks, one of which carried a heavy load of gum-wood. Somehow, while he was handling that truck, it swung or slipped back against him in such a way as to bruise him severely across the lower abdominal region. The testimony indicates that a piece of lumber protruding from the truck may have been the cause of the abdominal injury. Relator was in too much pain to go on with his work and went home. His immediate experience is described by himself as follows:

"I sat down in a chair at home, when I got in the house I sat down in the chair by the table there and I had another very sharp pain that was sharper than any of them, and I took my hand and run it down and could feel something moving down here (indicating the groin) and it formed a lump right there. * * * I could feel it, it was moving (out) * * * I laid down on the bed, we examined it and found I had a few cuts on my leg * * * and then I had a bruise across my stomach and then there was the big lump."

The lump referred to was the protrusion of a hernia and unquestionably it was occasioned by the accident. Relator had never had anything of that kind before and nothing to indicate physical weakness or ailment in the abdominal region or elsewhere. On May 23 he was operated on for hernia, which the surgeon said was apparently of recent origin; he recognized "the hernia immediately" when he first called.

Notwithstanding all of that, the referee found that relator "did not suffer an accidental injury of such nature and severity as to produce the alleged hernia complained of." In our judgment, the evidence compelled a finding that the hernia was due to the impact

of the truck, an accident arising out of and in the course of relator's employment. Notwithstanding the referee's finding to the contrary, we are constrained to say that judicial consideration has no opportunity for a difference of opinion on the evidence as presented. There had been no symptoms of hernia before the accident. The sudden onset of sharp pain and the immediate appearance of the hernial protrusion lead irresistibly to a conclusion contrary to that reached by the referee. The doctor's testimony is in corroboration rather than otherwise and there is no contradiction, by testimony or inference.

It may be that the referee was impressed by the medical theory that hernia is due to disease or congenital weakness; so much so at least that seldom, if ever, is it attributable to trauma alone. However well founded that notion may be from the medical standpoint, the compensation law is concerned not at all with the initial or contributing cause of the disease (to call it that), but solely with the immediate or exciting cause of the occupational disability. Babich v. Oliver Iron Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704, and Klika v. Independent School Dist. 161 Minn. 461, 202 N. W. 30. For respondent, the force of these decisions is frankly conceded, but it is urged that relator did not sustain the burden of proof resting upon him. That argument is refuted by the simple statement of the case.

After the adverse decision of the referee, the relator, in connection with his appeal, asked leave to introduce additional evidence before the Industrial Commission. His petition was denied and the appeal dismissed. The dismissal of the appeal was put upon the supposed failure to comply with that portion of section 10, chapter 300, p. 406, L. 1923, requiring the notice of appeal to specify "the *particular* finding of fact which appellant claims is unwarranted by the evidence." Here there was only one finding of issuable fact. In view of that and the required liberal construction of the statute, we think that the notice of appeal was sufficient in its specification that "the findings of fact and disallowance of compensation were unwarranted by the evidence." A holding to the contrary would be too strict a construction of a procedural require-

ment of form. So far as the statute specifies the form of the notice of appeal, it should be construed as directory rather than mandatory. If indefiniteness results in uncertainty, it is easy enough to remove the difficulty by an order requiring the desired degree of definition. That should be done rather than applying the drastic procedure of dismissal.

It is unnecessary to discuss the other assignments of error, because, for the reasons stated, the order of dismissal must be reversed and the proceeding remanded for rehearing on the merits. Relator is allowed an attorney's fee of $100.

So ordered.