# JOHN LAMPI v. JAMES H. BROWN COMPANY.[1]

November 27, 1925.

No. 24,939.

**Employe entitled to compensation in addition to that received.**

The Industrial Commission found that the employe received an injury to his left arm and shoulder through an accidental fall while in course of his employment for which compensation was paid, but denied an application for a back injury claimed to have been received in the same accident. It is *held* the evidence is conclusive that the employe now has such back injury which was received in the same accident and for which compensation should be awarded.

See Workmen's Compensation Act, C. J. p. 115, § 114.

See notes in L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186; 28 R. C. L. 823; 4 R. C. L. Supp. 1868; 5 R. C. L. Supp. 1579.

Upon the relation of John Lampi the supreme court granted its writ of certiorari directed to the Industrial Commission, to review its decision disallowing additional compensation to the relator under the Workmen's Compensation Act. Reversed.

*Harry Christopher*, for relator.

*Ernest E. Watson* and *J. Gordon Pringle*, for respondents.

HOLT, J.

July 8, 1924, John Lampi, while in the course of his employment, accidently fell backwards into a pit about 5 feet deep, wherein sewer and water pipes were sticking up, and injured the left arm and shoulder and he now claims also the back. The employer sent him to one Dr. Gunderson for treatment. He was paid compensation for total disability for 6 4/6 weeks at the rate of $16.20 per week, and $25.70 for the medical attention. He thereafter petitioned for additional compensation for the back injury. The matter was referred to a referee, who held that he was not entitled to any.

[1]Reported in 205 N. W. 953.

On appeal to the commission, the action of the referee was affirmed. Certiorari brings the case before us.

The finding is: "That while so employed said employe suffered an accidental injury to his left arm and shoulder." There is no express finding that he did not suffer an injury to his back, but to justify the denial of additional compensation we assume it was intended to negative such an injury by the finding quoted. The evidence is conclusive that at the hearing Lampi was suffering from a fracture or injury to the lumbar vertebrae which incapacitated him from work at hard labor, his only occupation. The medical experts differ somewhat as to the reading of the X-ray pictures, and the manner in which the injury could have occurred, but all are of the opinion that this injury is serious and permanent. The only question is whether the evidence compels a finding that it resulted from the accident of the falling into the pit on July 8, 1924. We are of the opinion that it does.

Lampi testified that he had had no other accidental injury than the one mentioned. He was 43 years old and had been engaged in hard labor in this state and North Dakota continuously since he was 21; had never been sick or consulted a physician. The respondent's medical experts differ from appellant's only in contending that the injury is more severe, holding the opinion that there is a compressed comminuted fracture of the third vertebra which resulted in the throwing out a large amount of callous bone structure so as to make a rigid union between that vertebra and the one below and above it. They also give it as their opinion that it could not be produced except by a fall from a much greater height than that which Lampi experienced on July 8, 1924, or else from a weight striking him from above. The experts for Lampi find the fall adequate to account for the result.

If he had met such an accident as the employer's witnesses contend must have happened to produce the conditions which existed when the X-ray pictures were taken in December, 1924, and January, 1925, he certainly would have known of it, and from their testimony he could not well have kept it a secret, nor could he have

continued at work. There is not the slightest evidence of any inability to perform hard work before the accident. He had worked steadily for contractors in Minneapolis for some months previously, and it could easily have been proven if there was any inability on his part to perform the work of an able-bodied man. In the nature of things Lampi could not have experienced such an accident after July 8, as respondent's medical experts say was necessary to produce the conditions now existing, without it becoming known. His positive assertion that he has never been in any other accident stands unchallenged, and so far as we can discover, there are not any circumstances in the evidence which will warrant an inference that he testified falsely in this respect. The fact that the arm and shoulder at first gave him the most trouble so that up to the time he left in August, 1924, he did not, according to Gunderson, complain of his back, cannot be regarded as giving rise to inferences. However, he claims that he complained of his back the first time he saw the doctor.

As this record stands, there is no room for finding the back injury of Lampi, present when this matter was submitted to the referee and Industrial Commission, was not received from his accidental fall on July 8, 1924. Triers of fact are not permitted to disregard positive uncontradicted testimony as to the existence of a fact, when there is no inherent improbability in the testimony, but the reverse. Lampi's testimony was positive that he never had had another accident or fall. All the experts agree that he now has a back injury which must be attributed to a fall or crushing blow. Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269; Grover v. Bach, 82 Minn. 299, 84 N. W. 909; Babich v. Oliver I. M. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704.

The determination of the Industrial Commission denying relator's petition is reversed and the case remanded for further proceedings with $100 attorney's fees to be taxed and allowed in favor of relator.