# JOHN KLIKA v. INDEPENDENT SCHOOL DISTRICT NO. 79 OF OLIVIA.[1]

January 22, 1926.

No. 25,060.

**Employe entitled to compensation when hernia was caused by strain in course of his work.**

A strain to which the relator was subjected in his work was the exciting or immediate cause of a hernia which developed; and he is entitled to compensation under the Workmen's Compensation Act.

Workmen's Compensation Acts, C. J. pp. 68 n. 42; 69 n. 46, 47.

Upon the relation of John Klika the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order denying compensation in a proceeding under the Workmen's Compensation Act. Remanded.

*L. J. Lauerman,* for relator.

*Cobb, Wheelwright, Hoke & Benson* and *L. N. Foster,* for respondent.

DIBELL, J.

Certiorari to the Industrial Commission to review its order denying the relator compensation under the Workmen's Compensation Act.

The case was here before. Klika v. Ind. School Dist. 161 Minn. 461, 202 N. W. 30. Upon its remand the parties submitted it to the commission on the same evidence; and it found against the relator.

We have re-examined the evidence aided by the views expressed by the commission and the oral arguments and briefs of counsel. The facts are stated in the former opinion and need not be rehearsed; nor do we review the cases there cited and discussed.

There is no indication of fraud or shamming on the part of Klika. The record is free of a suggestion to that effect, or of a basis for it. His testimony should be credited. If true, it is evident that the

[1]Reported in 207 N. W. 185.

tear which he felt in his right groin when the wheel of his wheel-barrow got locked in the sticky gumbo was the result of the strain then experienced; and that the strain was the exciting or immediate cause of the rupture from which he was suffering when he went to a physician a week later. The medical testimony accords, we think, with this view. Since our former opinion we have decided Frederickson v. Burns Lumber Co. 163 Minn. 394, 204 N. W. 161, another hernia case. We there said:

"It may be that the referee was impressed by the medical theory that hernia is due to disease or congenital weakness; so much so at least that seldom, if ever, is it attributable to trauma alone. However well founded that notion may be from the medical standpoint, the compensation law is concerned not at all with the initial or contributing cause of the disease, (to call it that), but solely with the immediate or exciting cause of the occupational disability."

It may be conceded that Klika was predisposed at the time to a hernia; that a hernia likely would have developed sometime, perhaps soon; that his condition, call it a disease if we should, was progressive and progressing; and that a hernia was gradually developing and would soon manifest itself. But conceding all this, if the strain to which he was subjected caused its development so that he had a hernia when his physician examined him, the strain was the immediate and exciting cause, the cause which satisfies the compensation act. That compensation follows when an accident is the exciting or immediate cause of the development of a hernia, and that a medical classification of hernia as a disease does not affect the application of the compensation act, was held on the former appeal; and in Wilkins v. Ben's Home Oil Co. supra, page 41, the subject is discussed at such length as to preclude the necessity of further consideration.

Applying the law, as we have from time to time stated it, to the evidence before us but one judicial result is permitted. There should be compensation.

The case is remanded with directions to proceed with an award of compensation. An attorney's fee of $50 is allowed.

Remanded.

STONE, J. (dissenting.)

While not agreeing with the conclusion reached by the Industrial Commission, I consider that there is an issue of fact, their decision of which is controlling. This is not a case where, while a man was at work, hernia manifested itself under such circumstances as to compel the conclusion that the work was its legal cause. The Frederickson case, cited by Mr. Justice Dibell, was distinctly such a case. Here the evidence of relator is that, while working with his wheelbarrow and leveling a lawn, he felt the first hernial pain on a Wednesday morning. It is true that he tells of the onset of the pain when "the wheelbarrow went into a low place" and he had to "put considerable effort into moving it out." But it is just as true that he continued with his work without a moment's interruption either on that day or the two following. He did the same work and through the same long hours for two days and a half, incidentally walking four times a day the half mile between his work and his home. Not until seven days after the supposed accidental injury did he consult a doctor.

In that situation it seems to me to have been entirely permissible for the triers of fact, the referee and the Industrial Commission, to draw the inference that work and hernia were simply concurrent and that the former was not the cause of the latter. I think that conclusion was just as open to them as would have been the view, if relator had suddenly expired while at work and an autopsy had shown a pre-existing and long standing heart weakness, that the work was not the legal cause of the death. Incidentally, I am impressed by the suggestion that the extensive experience which the Industrial Commission and its referees have had in cases of this kind, and the special study they have given them, make them better qualified triers of the facts than we are.

QUINN, J. (dissenting.)

I concur in the dissent of Mr. Justice Stone.