STATE v. GEORGE POTTER.[1]

June 4, 1926.

No. 25,230.

**New trial denied.**

Showing insufficient to justify grant of new trial in bastardy proceeding. [Reporter.]

Bastards, 7 C. J. p. 998 n. 7; p. 1000 n. 45, 48.

[1]Reported in 209 N. W. 313.

Defendant appealed from an order of the district court for Hennepin county, Montgomery, J., denying his motion for a new trial after a verdict of a jury finding him the father of an illegitimate child. Affirmed.

*H. S. McGinley,* for appellant.

*Floyd B. Olson,* County Attorney, and *A. C. Lindholm,* Assistant County Attorney, for respondent.

PER CURIAM.

The jury found that the defendant was the father of the illegitimate child of the complaining witness. The defendant appeals from an order denying a new trial. Defendant contends that the verdict is not sustained by the evidence and that newly discovered evidence entitles him to a new trial.

The complaining witness gave birth to an illegitimate child on February 27, 1925. She testifies that she became acquainted with defendant in the early part of May, 1924; that illicit intercourse between them began about May 15, 1924, and continued until the following October; and that defendant was the only man with whom she had such intercourse during the time in which the child must have been begotten. There is no evidence tending to show that she had intercourse with any other during that period. Defendant states that he first met the complaining witness on May 29, 1924, the day before Decoration day. He admits that they "kept company" together until the following October, but denies ever having had sexual intercourse with her. Both are corroborated to some extent. Under the evidence the question at issue was for the jury. State v. Cotter, supra, page 263.

The claim of newly discovered evidence rests upon the affidavit of a woman of questionable character to the effect that the complaining witness had had intercourse with a man other than defendant in May, 1924. Defendant called this woman as a witness at the preliminary examination in the municipal court. She was not present at the trial in district court, but her testimony taken in the municipal court was read to the jury at defendant's instance. In this testimony she made no mention of any such occurrence as she sets forth in her affidavit. The showing is clearly insufficient to justify granting a new trial.

Order affirmed.