JOSEPH ZOBITZ v. OLIVER IRON MINING COMPANY.[1]

June 4, 1926.

No. 25,217.

**Employe entitled to compensation for strain causing rupture of abdominal muscles.**

The evidence establishes that a strain to which the relator was subjected in the course of his work was the immediate or exciting cause of a rupture of the abdominal muscles, and that he is entitled to compensation for the disability resulting therefrom.

Workmen's Compensation Acts, C. J. p. 76 n. 95; p. 101 n. 84 New; p. 115 n. 37.

See notes in L. R. A. 1916A, pp. 32; 228; L. R. A. 1917D, 108, 111; L. R. A. 1918F, 873; 28 R. C. L. p. 795.

Certiorari to review decision of Industrial Commission awarding compensation in a proceeding under the Workmen's Compensation Act. Remanded with directions.

*Austin, Austin & Wangensteen,* for relator.

*Dennis F. Donovan,* for respondent.

TAYLOR, C.

Certiorari to review the decision of the Industrial Commission in the above entitled proceeding.

[1]Reported in 209 N. W. 313.

The employe, who will be designated as plaintiff, had worked for some years in an underground mine at Ely for the Oliver Iron Mining Company, which will be designated as defendant. While lifting one end of a heavy timber on May 23, 1923, plaintiff felt a sudden, severe pain in the lower abdominal region which caused him to cry out and drop the timber. He ceased work and two or three hours later went to the Shipman hospital where he was examined by Dr. Parker. The doctor found a sore or tender place on the right side of the groin which he attributed to a strain. He "did not demonstrate a hernia" at that time, but thought that one might develop if it did not already exist. On June 16, 1923, he found a hernia and operated for it on June 18. The operation disclosed an incomplete, indirect inguinal hernia. Although plaintiff recovered from this operation in the usual time, he continued to complain of the same pains and disabilities as before and was unable to work. In June, 1924, he went to Dr. Travers who examined him several times and found a hernia of the abdominal muscles on the right side. He operated for this hernia on August 5, 1924. The operation disclosed that the muscles of the abdominal wall were divided and parted for a space "four or five inches long and two or three inches wide." This rupture of the abdominal muscles did not extend to and was not connected with the inguinal hernia for which Dr. Parker had operated and from which plaintiff had fully recovered. After this second operation the pain and symptoms of which plaintiff had complained ceased, and he began to improve and at the time of the hearing was able to perform light work.

The commission awarded compensation for a period of four months for temporary total disability arising from the inguinal hernia, but found that the abdominal hernia was not the result of an accidental injury and made no allowance for the continued disability resulting from that.

Plaintiff contends that the rupture of the abdominal muscles resulted from the strain and that he is entitled to compensation during the entire period of disability.

Dr. Parker, who was called as a witness by the referee, says that hernias may result from strains as a secondary cause, and that

traumatic hernias are the result of a series of strains the last of which is the immediate cause of the tissues giving way. He also says that the strain in lifting a heavy body would be upon the muscles of the abdominal wall, also that in his examination of plaintiff he found the muscles of the abdominal wall to be weak, "lax and a little pouchy."

Dr. Travers says that the hernia or rupture for which he treated plaintiff would disable him from performing labor; that such a rupture of the muscles could be brought about by a strain; that the bulging might be small until the tissues became lax and loosened, but would gradually increase; and that he was decidedly of opinion that this rupture resulted from the strain in lifting the log to which plaintiff had testified. He based his opinion in part on the fact that plaintiff had performed the same kind of heavy work for two years immediately preceding this occurrence with no symptoms of pain or disability; that he had been unable to work and had subjected himself to no strain since that time; and that on account of the rupture he was not in condition to work at the time of the operation of August 5, 1924. The doctor does not confine his testimony to a mere statement that the rupture may have resulted from the strain in question, but says that in view of all the circumstances he is firmly of the opinion that it did result from that strain. There is no evidence to the contrary. Nothing to indicate anything in the nature of a rupture or hernia previously. Plaintiff was completely disabled from the time of the strain until relieved by the operation performed by Dr. Travers, after which his suffering ceased and his recovery began. The inguinal hernia was incomplete and apparently had not developed sufficiently to cause a serious disability. Dr. Travers found it completely cured.

Dr. Parker says that plaintiff ought to have recovered from it and been able to resume his work within four months at the outside. He seems to have been surprised that plaintiff continued to complain that he was unable to work and that he suffered the same as before. The conclusion that the rupture found by Dr. Travers was the cause of the disability seems obvious. It would account for the

lax and pouchy condition of the abdominal muscles found by Dr. Parker in his examination.

We think that the undisputed evidence shows that plaintiff's main disability resulted from the rupture of the muscles of the abdominal wall; and that the strain in question, acting upon muscles previously weakened by an operation performed some years before and by numerous similar strains, was the "immediate and exciting" cause of the disability, and that plaintiff is entitled to compensation therefor under the doctrine of the following cases: Babich v. Oliver Iron Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704; Klika v. Independent School Dist. 161 Minn. 461, 202 N. W. 30; Frederickson v. Burns Lbr. Co. 163 Minn. 394, 204 N. W. 161; Klika v. Independent School Dist. 166 Minn. 55, 207 N. W. 185.

Plaintiff asks that he be allowed the expense incurred on account of the operation for the abdominal rupture. The statute provides that

"The employer shall furnish such medical, surgical and hospital treatment * * * as may reasonably be required at the time of the injury and during the disability for not exceeding ninety days (90) to cure and relieve from the effects of the injury."

It further provides that upon request by the employe the commission may require such treatment for such further time as the commission shall determine. It further provides that upon request of either employe or employer the commission may order a change of physicians and that "in such case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided." G. S. 1923, § 4279.

Defendant had arranged with the Shipman hospital and with Dr. Parker and his partner, who conducted it, to care for and treat defendant's employes for any injury they might sustain. Under this arrangement plaintiff went to the Shipman hospital and was treated by Dr. Parker. This treatment continued for more than 90 days. Plaintiff did not go to Dr. Travers until more than a year after the injury. He never requested the commission to extend the period of treatment nor to authorize a change of physician

and the commission never made any such order. The expenses incurred for this operation are outside those provided for by the statute, and for that reason cannot be allowed. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981.

The cause is remanded with direction to award to the plaintiff the compensation allowed by the statute for such a disability as he sustained. An attorney's fee of $75 is allowed to plaintiff.