AUGUST M. MILLER v. AETNA INSURANCE COMPANY.[1]

July 2, 1926.

No. 25,528.

**Award should have been granted for a hernia.**

There should have been an award, under the compensation act, for a hernia resulting to the relator from accidental injury.

Workmen's Compensation Acts, C. J. p. 115 n. 37.

---

See notes in L. R. A. 1916A, 303; L. R. A. 1917D, 108; L. R. A. 1918F, 873; 20 A. L. R. 48; 28 R. C. L. 795.

Certiorari to review the order of the Industrial Commission denying compensation under the Workmen's Compensation Act. Remanded.

*C. O. Dailey*, for relator.

*Denegre, McDermott & Stearns*, for respondent.

[1]Reported in 209 N. W. 887.

DIBELL, J.

Certiorari to the Industrial Commission to review its order denying relator compensation under the Workmen's Compensation Act.

The relator was a painter and paperhanger residing at Mankato. He was 72 years of age and was crippled in his ankles. When moving furniture preparatory to papering the ceiling of a room a little before noon of July 18, 1925, he sustained a strain which made him sore, and increasingly sore in the afternoon and toward evening. Apparently he realized in the evening that he was ruptured. On the next day, a Sunday, he bandaged himself, and on Monday went to a physician.

There is no question but that he had a hernia then. His testimony is that he never had one before. There is nothing to discredit him. The evidence shows so definitely that the strain was the exciting cause, and therefore the legal cause, of the development of the hernia, that under our decisions compensation should be awarded. Babich v. Oliver Iron Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704; Klika v. Independent School Dist. 161 Minn. 461, 202 N. W. 30; Frederickson v. Burns L. Co. 163 Minn. 394, 204 N. W. 161; Wilkins v. Ben's Home Oil Co. 166 Minn. 41, 207 N. W. 183; Klika v. Independent School Dist. 166 Minn. 55, 207 N. W. 185.

The proceeding is remanded with directions to award compensation.

An attorney's fee of $50 is allowed relator.

Remanded.