# GEORGE DIPPOLD v. F. B. CANADA LUMBER COMPANY AND ANOTHER.[1]

November 19, 1926.

No. 25,623.

**Award for hernia required.**

The evidence in this case examined and *held* to require an award for hernia under Workmen's Compensation Act.

Workmen's Compensation Act, —C. J. p. 123 n. 47; p. 124 n. 67.

Certiorari to review the order of the Industrial Commission denying compensation in a proceeding under the Workmen's Compensation Act. Remanded.

*Wells, Preus & Heisey,* for relator.

*Campbell & Burness,* for respondents.

QUINN, J.

Certiorari to the Industrial Commission to review its record and order denying relator compensation under the Workmen's Compensation Act, G. S. 1923, §§ 4261-4337.

Relator was 42 years of age, well accustomed to hard manual labor, and of good health on September 16, 1924. He was in the employ of the respondent, F. B. Canada Lumber Company. He had been in the employ of that company for a number of years, engaged a large portion of the time in piling and loading bolts and cants. The cants which he was called upon to handle consisted of squared logs, about 6 feet in length and from 4 to 7 inches square. While so piling cants in the respondent's mill yards, in the course of his employment, on the day mentioned, as appears from the uncontroverted evidence the relator picked up a cant 7 inches square, weighing 50 or 60 pounds, and was in the act of placing it upon a pile of cants about 4 or 5 feet high, and while in the act of boosting it up on the pile stepped into a rut about 4 or 5 inches deep made by

[1]Reported in 210 N. W. 876.

a wagon wheel in the ground near the pile, when as he testified he felt a crack in his right side; that he continued his work and placed the cant upon the pile, turned around, walked 12 or 15 feet and undertook to stoop and pick up another piece of timber; that he was unable so to do because of a severe pain in his side; that he had never had such an experience before; that he lowered his trousers, looked at his side, and discovered a bunch about the size of a hen's egg; that he immediately walked to. the company's office, a distance of a block or more and showed his person to the foreman who told him to go to the doctor's office and have it attended to; that he then walked a distance of 8 or 10 rods, to Dr. Goodheart's office; that after examining him the doctor told him that he had a hernia and that he should go home and remain in bed for 10 days or two weeks; that the doctor then reduced the hernia as best he could and gave him a hypodermic to lessen the pain; that he then went home and remained in bed as directed; that thereafter he procured a truss which he used for a considerable time, etc.

At the hearing before the commission, relator testified in effect that he had never had any such trouble before; that there was no lump on his side prior to the time of the alleged injury, and that he had always had good health and never was ill excepting on one occasion when he had a slight attack of indigestion, from which he recovered completely, and at another time when his hand was injured. The foregoing is an outline of relator's testimony, as given at the hearing, as to how the alleged injury occurred and it is uncontroverted in the record.

Immediately after his injury relator went to the foreman's office and exhibited the lump on his side to Mr. Perske, who directed him to go to the doctor's office at once. After the doctor had given him a hypodermic and reduced the hernia, relator became sick and vomited. Mr. Perske then took him home and he remained in bed two weeks. On October 10, 1924, the relator, at the request of representatives of respondent, made and signed a statement reciting the facts which were identically the same as those made at the hearing in August, 1925, excepting that relator said nothing about

stepping into a rut.   There is not a suggestion in the record or in the briefs to the effect that relator was not during that time suffering from a hernia.   His testimony is that he never had one before.

We find nothing in the record to discredit him.   It is perfectly manifest that the strain, at the time of heaving the cant onto the pile, was the exciting cause and therefore the legal cause of the development of the hernia.   Under the rule which has been adopted and many times reiterated in this state, the relator was entitled to compensation.   Even though some of the theories advanced by the medical witnesses at the hearing were well founded, yet we think the relator was entitled to compensation.   Walker v. Minn. Steel Co. 167 Minn. 475, 209 N. W. 635; Miller v. Aetna Ins. Co. 168 Minn. 145, 209 N. W. 887; Babich v. Oliver I. M. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704; Klika v. Ind. School Dist. 161 Minn. 461, 202 N. W. 30; Frederickson v. Burns Lbr. Co. 163 Minn. 394, 204 N. W. 161; Wilkins v. Ben's H. O. Co. 166 Minn. 41, 207 N. W. 183; Klika v. Ind. School Dist. 166 Minn. 55, 207 N. W. 185.

The proceeding is remanded with directions to award compensation.   An attorney's fee of $100 is allowed relator.

Remanded.