## MELVIN MUETZEL v. OTTO MUETZEL AND ANOTHER.[1]

December 17, 1926.

No. 25,622.

**Disability of claimant resulted from injury received in his employment.**
    The undisputed evidence shows that the claimant's disability resulted from an injury sustained in performing the duties of his employment.

Workmen's Compensation Acts—C. J. p. 115 n. 37; p. 123 n. 47.

Certiorari to review an order of the Industrial Commission disallowing compensation in a proceeding under the Workmen's Compensation Act. Reversed and remanded.

*Daly & Barnard,* for relator.

*Geo. A. & C. H. MacKenzie,* for respondents.

TAYLOR, C.

This is a compensation case in which the Industrial Commission approved and affirmed the finding of the referee that the disability of the claimant, which is conceded, did not result from an injury arising out of and in the course of his employment.

Otto Muetzel was engaged in graveling a town highway, and was insured against liability for compensation for injuries to his employes by defendant insurance company. The claimant, his son, then about 19 years of age, was employed on the work, and at the time of the injury was engaged in taking gravel from a gravel pit with a team of horses and a "Fresno" scraper which had a single handle extending back from its center. He held the reins guiding the team in his left hand and managed the scraper by the single handle with his right hand. The blade of the scraper struck an obstruction of some sort which caused a jerk upon the handle of such force that it raised him off his feet. From then on he had a severe pain in his right shoulder. This happened about 5 o'clock or a little later. He went home about 6 o'clock, but his shoulder was

[1] Reported in 211 N. W. 320.

in such condition that he was unable to unharness his team. He called Dr. Gill that evening and was treated by him for about 10 days. The pain increasing instead of abating, he then went to a hospital in New Ulm and was in the hospital for several weeks.

Dr. Gill testified that when he arrived the claimant was suffering with a pain in the right shoulder, and that he made an examination and diagnosed the trouble as an inflamed or injured bursa, what is known as bursitis. He said this might have been caused by an injury or by an infection, and that he could not recall having been informed of any injury. He found the claimant had diseased tonsils and advised that they be removed as their condition "might possibly have to do with this condition in his shoulder." Asked by plaintiff's counsel what in his opinion caused the condition of the shoulder, he answered: "I do not think I am competent, quite, to say what would be the real cause of it." Asked to what he would attribute it if the shoulder had received the wrench described in the testimony and had pained the claimant from that time on, he answered: "One would naturally attribute it to an injury probably."

In answer to questions by defendants' counsel and the referee he said that he had no recollection of being told of the jerk or wrench the claimant had sustained; that from his examination during the week or more of his treatment he could not state whether the condition was the result of trauma or of infection, adding that he was "not competent to say;" that in the absence of any history of traumatism he would look for a source of infection; that he concluded in his own mind at the time that the diseased tonsils "may have been probably the source;" that "there was not anything else you could conclude in the absence of any traumatism;" and that he concluded that the trouble was bursitis rather than inflammation of the nerves because the pain was localized in the shoulder and the pain in neuritis usually follows the course of the nerve.

Dr. Hammermeister, an uncle of the claimant and the hospital physician who had charge of him while in the hospital, diagnosed the trouble from the outset as caused by traumatism. He said:

"It was definitely, as I stated here, a traumatic shoulder, an injured shoulder." He, like Dr. Gill, said that bursitis might result from an injury or from an infection, but was positive that the condition of the claimant's shoulder was caused by an injury and not by an infection, for the reason that the trouble was localized at a particular point—at and about the acomion process—while a more extended area would have been affected if it had resulted from an infection. Asked if there was any question in his mind as to the cause of the trouble, he said:

"It was definitely in my mind that it was not an infected type, it was definitely localized. An infectious condition, systematic condition is never definitely located without some objective findings. Conditions which are definitely localized as this there is no doubt in my mind but what it is due to trauma."

Dr. Dittrich, the resident surgeon at the Phalen Park hospital and a specialist in orthopedics, was at the New Ulm hospital and was called into the case by Dr. Hammermeister and examined the claimant three or four times. His testimony was to the same effect as that of Dr. Hammermeister, that the localization and nature of the trouble showed that it did not result from an infection but from an injury.

The insurance company, which alone defended, offered no evidence whatever. There is no claim that the claimant sustained any injury other than that stated, and the evidence tending to show the cause of the disability is comprised in the testimony which we have briefly outlined.

The insurance company relies upon the rule that it is the province of the commission to determine the facts, and that this court will interfere with the findings of fact only when such findings are clearly not justified by the record. The company urges that the testimony of Dr. Gill is sufficient to warrant the conclusion that the disability resulted from an infection which had its origin in the diseased tonsils. The doctor although stating in substance that, from the lack of any other cause known to him, he concluded at the

time that it might have come from that cause, expressed no opinion at the trial as to the actual cause, saying he did not think he was competent to do so. His testimony does not contradict that of the two doctors who treated the claimant at the hospital. He agreed with them that the trouble was localized in the shoulder. They were positive the disability resulted from the wrenching of the shoulder and stated the reasons for that conclusion. The record discloses nothing which would justify rejecting or disregarding this testimony. Babich v. Oliver I. M. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704; Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40; Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953; Klika v. Ind. School Dist. No. 79, 166 Minn. 55, 207 N. W. 185.

The disability is conceded, and upon this record it must be held that it resulted from the injury sustained by the claimant while performing the duties of his employment. The evidence furnishes no tangible ground for attributing it to any other cause. Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953; Wilkins v. Ben's Home Oil Co. 166 Minn. 41, 207 N. W. 183; Zobitz v. Oliver I. M. Co. 167 Minn. 424, 209 N. W. 313.

The cause is remanded with directions to award the compensation given by the statute for such a disability as the claimant sustained. An attorney's fee of $75 is allowed to the claimant.