### ESTHER V. KOPPE v. HILTON & THOMPSON AND ANOTHER.[1]

March 1, 1929.

No. 27,156.

*Philip R. Monson,* for relator.

*S. J. Donahoe,* for Aetna Life Insurance Company, respondent insurer.

[1]Reported in 223 N. W. 787.

Holt, J.

Certiorari to review a decision of the industrial commission denying relator compensation.

The referee found for relator. On appeal the industrial commission reversed the decision, finding that relator did not "sustain an accidental injury arising out of and during the course of said employment, and that the disability to said employe's left wrist extending over a period from about July 9, 1927, to about January 1, 1928, was not the result of accidental injury." One commissioner dissented.

The uncontradicted testimony is that relator, an office assistant of an attorney, while doing her work on a typewriter, sprained or twisted her wrist in quickly raising her left hand from the table to the keyboard, producing such intense pain that she could not strike the keys and was wholly incapable of operating the typewriter for three weeks. The wrist swelled. She consulted a doctor three days afterward, who found the wrist sprained and swollen. He gave the opinion that this might be caused by a sudden twist. He eliminated all other causes than a sprain. No medical expert contradicted or impeached the doctor or relator. The employer gave corroborative testimony as to relator's sudden and continued incapacity. The commission evidently was satisfied that relator sustained a sudden disability in her left wrist on July 9, 1927, which partially continued for the balance of the year. That this arose out of and in the course of her employment is equally well established.

Was the commission, on this record, justified in finding that the disability was not accidental? All the evidence is that it was. The swelling indicates injury to the structure of the wrist. It is the usual evidence of a sprain. So is the immediate and intense pain. There appear to be no inherent improbabilities in either the testimony of relator or her physician so as to justify the triers of fact in rejecting the same. And we think the rule stated and applied in Babich v. Oliver I. Min. Co. 157 Minn. 122, 124, 195 N. W. 784, must be applied here, viz:

"The court, or the person or commission, whose duty it is to determine facts upon competent evidence, must accept as true the positive, unimpeached testimony of credible witnesses, unless the same is inherently improbable or rendered so by facts and circumstances disclosed at the hearing."

Subsequent cases applying this rule are: Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40; Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953; Miller v. Aetna Ins. Co. 168 Minn. 145, 209 N. W. 887; Muetzel v. Muetzel, 169 Minn. 360, 211 N. W. 320; O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430.

Relator paid out $21.85 to effect a cure. Holding, as we do, that she was accidentally injured in the course of her employment and from a cause arising therefrom, she is clearly entitled to be awarded that sum under G. S. 1923, § 4279.

Relator's wages when injured were $100 per month. Her employer paid her that sum during her disability, although he had to hire other persons to do the typewriting the first three weeks. Except as stated, she attended to other duties in the office but claimed that she had to work longer hours because of the inability to use her left hand. The testimony of both relator and her employer was that her efficiency was reduced some over 35 per cent. And the employer testified that he paid full wages during her disability in part as a gratuity, and that if she recovered compensation from the insurer it was hers.

The question presented is: Can relator recover of the employer's insurer compensation, where for the period of disability she has received the same amount from the employer that she would have received had she not been injured? The part of the workmen's compensation act applicable is G. S. 1923, § 4274, particularly subd. b, reading:

"In all cases of temporary partial disability the compensation shall be sixty-six and two-thirds per centum of the difference between the daily wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition."

The amount thus deductible is expressly a wage or earning and so cannot be taken to include a mere donation by the employer or anyone else other than the insurer. The generosity of the employer, prompted perhaps by the imperative need of the injured employe's presence and assistance in the employment despite her disability, should not affect the compensation otherwise properly payable. Plaintiff because of her employer's need and avowed purpose of paying her a gratuity chose to undergo the pain and hardship incident to the attempt to perform some of her duties. Her employer paid out for extra help and had to put off to a later time some of his work because of her disability. It is not considered that these matters should excuse the insurer from paying for the difference between the wages agreed to be paid and those actually earned in the disabled condition. Or in other words, if relator had carried accident insurance the payment thereof is not to go in reduction of the amount of compensation provided by the workmen's compensation statute. In the annotation to N. C. & St. L. Ry. v. Miller, 67 L. R. A. 87, are cases that have some analogy to the question here presented upon the effect of the gratuity of the employer upon his insurer's liability.

The decision is set aside with direction to enter an award for relator for the medical services and supplies in effecting a cure and for the disability. The relator is also allowed to tax $50 attorney's fees in this court.

HILTON, J. took no part.