## R. RAY BAUMAN v. ROTH DOWNS MANUFACTURING COMPANY AND ANOTHER.[1]

March 28, 1929.

No. 27,268.

[1]Reported in 224 N. W. 459.

*C. E. Warner* and *Joseph Harkness,* for relator.

*L. E. Lohmann,* for respondent Roth Downs Company and Aetna Life Insurance Company, its insurer.

WILSON, C. J.

Certiorari to the industrial commission to review its order denying compensation to the relator.

Relator is a shop foreman for Roth Downs Manufacturing Company and as such was a general shop supervisor. With four or five other men, he took part in pulling a 650-pound box of freight on a smooth floor. He states:

"I was in the front end pulling, I felt kind of a pain in my side and did not think nothing of it. * * * I said: 'Wait a minute, I have got a pain in my side,' and I rubbed it. * * * I noticed that pain and naturally we all stopped. * * * That night I noticed there was kind of a pain and swelling and again I did not think much of it because in the morning when I got up it was gone, so I thought perhaps I had just strained myself a little bit and let it go at that. A couple days later I felt the side was swollen up again and went over to Dr. Ryan and he said: 'Well, you ruptured yourself,' and the only thing I could do was to have it fixed up."

This happened on February 17, 1928. He went to the doctor on February 23, 1928, and submitted to an operation on March 7, 1928. His work being merely supervisory, he was able to continue until the operation. He had never had any previous trouble. He states that on the night of the day of the accident "it was swollen quite a little bit" but in the morning the swelling was gone. When he went to the doctor the swelling was the size of a "large hickory nut." It was a left inguinal hernia. Upon operation the abnormal condition showed evidence of recent origin. The doctor testified that the accident was the cause of the hernia. He terms it the exciting cause, and states that hernias from strains may occur with no symptoms other than the pain at the time, and that whether the patient may feel nauseated or dizzy depends upon the individual.

Such traumatic hernia results from an excessive strain. The potential or congenital hernia is excited by the strain. As against this evidence, a doctor for the insurer testified that the accident "might and might not" be the cause.

■ A traumatic hernia involves an injury to the physical structure of the body and when produced as above indicated is accidental within G. S. 1923 (1 Mason, 1927) § 4326(h). Klika v. Independent School Dist. No. 79, 161 Minn. 461, 202 N. W. 30. From a scientific standpoint it is not responsible for the potential or congenital hernia. Perhaps any man has that. That may be a normal condition. He may go through life without trouble. But the normal condition is incitable.

■ Under the compensation act, an injury is compensable when it excites, stimulates, arouses or moves to action an existing latent condition so as to result in disability. Therefore medical theory of hernia as the result of a disease has little or no bearing on hernia as the cause of industrial disability. We are concerned with the legal cause only. Klika v. Independent School Dist. No. 79, 161 Minn. 461, 202 N. W. 30; Frederickson v. Burns Lbr. Co. 163 Minn. 394, 204 N. W. 161; Zobitz v. Oliver I. Min. Co. 167 Minn. 424, 209 N. W. 313; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Dippold v. F. B. Canada Lbr. Co. 169 Minn. 195, 210 N. W. 876.

In this, like most cases of this character, the injury caused a weak place in the body to give way. It is not important that that place was normally weak. It was overloaded. It gave way because of the strain and effort to move the box. He was in the performance of his duty to his employer. The injury changed the normal to the abnormal. There was a change in the physical structure of the body. The chain of circumstances in this case, supported by the simple facts established by uncontradicted and unimpeached evidence, shows conclusively that the injury received while moving the box was at least the incitation. For the purposes of the compensation act that is sufficient. This evidence cannot be disregarded. O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430.

The order is reversed with instructions to make an award of compensation. An attorney's fee in the sum of $50 is allowed.