# FRANK DUCHANT v. OLIVER IRON MINING COMPANY.[1]

October 26, 1934.

No. 30,082.

*Joseph J. Bright, Bundlie & Kelley,* and *L. E. Torinus, Jr.,* for relator.

*Dennis F. Donovan,* for respondent.

*LORING, Justice.*

*Certiorari* to review a decision of the industrial commission.

Relator was employed in a mine of the Oliver Iron Mining Company and was injured July 2, 1931, while engaged in fulfilling the duties necessary and incident to that employment. The employe was hospitalized for two and a half months following the injury. June 29, 1932, the doctor in charge of his case discharged the employe from further treatment. Shortly after the accident the employer and employe entered into an agreement providing for payment of compensation under the workmen's compensation act, and pursuant to this agreement $1,103.12 has been paid.

The injury suffered by the employe was caused by a cave-in in the mine in which he was working. He was struck in the back by a heavy timber. His injuries consisted of several fractured ribs and fractures of two of the dorsal vertebrae.

[1]Reported in 256 N. W. 905.

After employe's release from medical care he was given work of a character that would necessitate very little physical effort on his part. It consisted of raking bark around the mine, watching fires, and cutting grass. All of these tasks the employe had difficulty in performing because of severe pain in his back and shoulders. The pain was caused by a stiff or "poker spine" which prevented its free use.

At the time of the accident the employe, although engaged in manual labor, was suffering from an advanced and quite generalized progressive hypertrophic arthritis of the thoracic and lumbar spine and had been suffering from the disease for some time previously. This condition was shown by X-ray pictures taken the day of the accident. At or about the time of the employe's discharge from medical treatment June 29, 1932, X-ray pictures were again taken, and the physician who had been in attendance upon the employe at the time of the injury testified, on cross-examination, that the pictures showed that the injuries suffered in the accident had healed and that the condition of the employe's spine was no different than it would have been if he had suffered no injury. Another doctor testified that the two months' hospitalization had been beneficial to the arthritic condition and had not, as employe contends, been aggravated by the immobilization. Doctors of recognized standing testified that the stiffness of relator's spine was due to the progress of the arthritis and that the injury contributed nothing to its present condition, but that the condition was due to the natural progress of the disease.

The commission has given careful consideration to this case. The matter was heard before a referee and was appealed to the commission, which appointed an impartial and disinterested doctor to examine the relator. The case was again heard before a referee and appealed again to the commission, which again studied it.

Relator takes the position that this case comes within the doctrine announced in the "hernia" cases. Babich v. Oliver I. Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 904; Klika v. Independent Sch. Dist. No. 79, 161 Minn. 461, 202 N. W. 30; Zobitz v. Oliver I. Min. Co. 167 Minn. 424, 209 N. W. 313; Wilkins v. Ben's

Home Oil Co. 166 Minn. 41, 207 N. W. 183. That doctrine is simply this: Where a hernia develops from some strain or injury, in the course of claimant's employment, a preëxisting weakness or susceptibility to hernia will not bar compensation. But, "there are many cases of gradually appearing hernia [that] may and should incite care on the part of the trial tribunal in determining claims for compensation based on such injury." Babich v. Oliver I. Min. Co. 157 Minn. 122, 126, 195 N. W. 784, 202 N. W. 904. In other words, the commission must have sufficient evidence to sustain a finding that the accident caused or contributed to the hernia to award compensation. The case at bar is easily distinguished. Here we have a condition, well advanced at the time of injury, which, according to the testimony of competent and disinterested doctors, was neither aggravated nor caused by the injury. There is credible testimony to the effect that the arthritic condition was benefited by the hospitalization made necessary by the back injury.

It is well settled in this state that the findings of the commission on controverted questions of fact must be sustained unless they are so manifestly contrary to the evidence that reasonable minds could not adopt such conclusions. Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419; Delich v. Thompson-Starret Co. 175 Minn. 612, 220 N. W. 408. See also cases collected in Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419.

In the case at bar the evidence supporting the respondent's contention that the present disability of relator is due wholly to the arthritic condition existing at the time of the injury is quite sufficient to justify the commission's finding that the employe is not entitled to compensation.

Affirmed.