CASPER CONE COMPANY and another, Appellants, vs. INDUS-
TRIAL COMMISSION OF WISCONSIN and another, Re-
spondents.

*February 16—March 13, 1917.*

*Workmen's compensation: Conditions of liability: When injury is ac-
cidental: Hernia resulting from strain: Predisposition.*

1. A hernia resulting from accidental straining of a muscle is "proxi-
mately caused by accident," within the meaning of sub. (3),
sec. 2394—3, Stats., even though the employee was predisposed
to such infirmity by reason of having a congenital hernial sac.
2. A definite mishap to an employee, happening to him while per-
forming service growing out of and incidental to his employ-
ment and proximately causing him physical injury and damag-
ing results, is compensable under the Workmen's Compensation
Act, even though he was physically unsound at the time and
otherwise the results would not have been caused by the mis-
hap.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming an award of com-
pensation to *Felix Martinek* under the Workmen's Compen-
sation Act.

The evidence established this: At the time of the injury,
the claimant was an employee of appellant, *Casper Cone
Company.* Both were under the Workmen's Compensation
Act. While in the due performance of his duties, he acci-
dentally slipped and so strained himself that he fell to the
floor, causing a right inguinal hernia with resulting serious
disability. He was predisposed to such an infirmity by rea-
son of having what was called a congenital hernial sac. It
had previously been undiscovered and undiscoverable, and
had never caused him any inconvenience. There was no
hernia until a protrusion occurred through the inguinal ring
and muscles, caused by the accident. Without a strain or
disturbance of some sort, the sac might never have led to any
disablement. In the absence of some such disturbing cause

it is quite common for a person to go through life with a sac, such as existed in the particular instance, without his experiencing any inconvenience from it.   The claimant had performed manual labor for many years without being conscious of any predisposition to hernia.

The cause was submitted for the appellants on the brief of *Roehr & Steinmetz* of Milwaukee, for the respondent *Industrial Commission* on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and for the respondent *Martinek* on that of *Lines, Spooner, Ellis & Quarles* of Milwaukee.

MARSHALL, J.   The question presented for decision is, Did the circuit court decide rightly in holding that the injury to the claimant, *Martinek,* was proximately caused by accident within the meaning of sub. (3), sec. 2394—3, Stats. ?

As indicated in the statement, *Martinek* did not suffer from any disability because of merely having a congenital hernial sac.   The accident caused the hernia and consequent disability.   That a hernia caused by accident to an employee when he is performing service, growing out of and incidental to his employment, is a compensable injury under the Workmen's Compensation Act, is fully covered by the logic of *Bystrom Brothers v. Jacobson,* 162 Wis. 180, 155 N. W. 919. The court there quoted with approval from *Fenton v. Thorley,* 89 L. T. Rep. 314, this: "If a man, in lifting a weight, or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap, in ordinary parlance, would be described as accidental;" and concluded the discussion by saying: "accident" when used in workmen's compensation laws "should be taken in the broad sense above indicated,—as including a violent straining of the muscles, resulting in a rupture or other bodily hurt to an employee from over-physical exertion in performing his work."   Many cases were there referred to, holding that an

accidental straining of a muscle causing the development of a hernia is a compensable accidental injury under compensation laws similar to ours, and it is considered that such is the settled law.    Indeed, it may well be said to rest on principle without referring to precedents.    *Robbins v. Original G. E. Co.* (Mich.) 157 N. W. 437, upon which the court below largely relied, is about as near like this case as any two cases arising out of different circumstances could well be.

Counsel for appellants contend that because of *Martinek* having been, at the time of the accident, predisposed to the development of a hernia by any undue straining of his muscles in the region where the protrusion occurred, the result of his mishap is precluded from being a compensable injury.

But for the mishap there would not have been any disability, caused at the particular time, and such a disability might never have occurred.    In the *Robbins Case* the Michigan court, as claimed by respondents' counsel, in dealing with a similar situation, said:

"It is assumed that it was the first time the sac had been forced through the abdominal wall.    If it is also assumed that there was a certain lack of physical integrity in the parts where the injury was manifested, still I think claimant may have compensation for the injury he suffered."

The decision of this court in *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247, is sufficient to settle the question in favor of respondents of whether predisposition to such a result as happened from the particular mishap necessarily militates against the hernia being the proximate result of accident within the meaning of the Workmen's Compensation Law.    To the same effect are *Crouse v. C. & N. W. R. Co.* 104 Wis. 473, 483, 80 N. W. 752; Boyd, Workmen's Compensation, § 463; Dawbarn, Employers' Liability (4th ed.) 107, and many other authorities that might be referred to.

To go on at considerable length and review the many au-

thorities at hand might be interesting, but enough has been said to show that the conclusion reached is too well grounded to fairly admit of its soundness being efficiently questioned. An extended treatment of the matter can do no good here, or hereafter. It seems best to rest the case by a declaration that, if there is a definite mishap to an employee, happening to him while performing service growing out of and incidental to his employment, proximately causing him physical injury and damaging results, the misfortune is compensable under the Workmen's Compensation Law, though he was physically unsound at the time of such mishap and otherwise such results would not have been caused by such mishap. It is considered that the decision complained of is right and should be affirmed.

*By the Court.*—The judgment is affirmed.

