STATE EX REL. A. C. JEFFERSON AND ANOTHER v. DISTRICT
COURT OF RAMSEY COUNTY AND OTHERS.[1]

November 16, 1917.

No. 20,714.

**Workmen's Compensation Act.**

> The evidence is sufficient to sustain the finding of the trial court that the death of the deceased employee resulted from the injuries which he had sustained and not solely from disease.

Upon the relation of A. C. Jefferson and another the supreme court granted its writ of certiorari directed to the district court of Ramsey county to review proceedings in that court, Michael, J., under the Work-

[1]Reported in 164 N. W. 1012.

men's Compensation Act, brought by Mary Ballauf, as widow of Joseph Ballauf, employee, against relator, as employer.   Affirmed.

*Briggs, Thygeson & Everall,* for relator.

*W. E. Barnacle,* for respondents.

TAYLOR, C.

This is a case under the Workmen's Compensation Law in which the district court of Ramsey county awarded compensation to Mary Ballauf for the death of her husband Joseph Ballauf.   The question presented is whether the evidence is sufficient to sustain the finding of the court that the death of Joseph Ballauf was caused by injuries which he sustained while in the employ of the relator Jefferson.   That he was crushed under a load of lumber and suffered several broken ribs and other lesser injuries, and that he was confined to his bed from that time until his death six weeks later, is conceded; but the relators contend that his death was caused solely by disease, and did not result in consequence of the injuries which he sustained.   An autopsy disclosed that he had pulmonary tuberculosis in such an advanced stage that one lung had been entirely destroyed and the other to a considerable extent; also that he was suffering from other diseases.   The relators called three physicians who testified that, in their opinion, his death was caused by pulmonary tuberculosis, and that the injuries which he had sustained pulmonary tuberculosis, and that the injuries which he had sustained called no physicians, but other witnesses testified that the deceased had worked continuously at hard labor until the accident, had apparently been in good health at all times theretofore, and had never been able to leave his bed thereafter.   In view of all the circumstances, we are unable to say that it conclusively appears that the injuries sustained had no part in causing his death, nor that the trial court was concluded by the testimony of the experts.   The decision of the trial court is affirmed.