GRACE HOGAN, EMPLOYE v. TWIN CITY AMUSEMENT
TRUST ESTATE, EMPLOYER,
AND
HARTFORD ACCIDENT & INDEMNITY COMPANY,
INSURER.[1]

April 13, 1923.

No. 23,294.

**Aggravation of existing infirmity compensable under compensation act.**

1. An aggravation of an existing infirmity, by an accident occurring in the course of employment, is compensable under the Workmen's Compensation Act.

**Testimony being in conflict, decision of question of fact for the Industrial Commission.**

2. The testimony in this case was in conflict on the question whether an injury received aggravated a dormant ailment. The determination of issues of fact is for the Industrial Commission.

**Case may be remanded for new hearing when commission follows erroneous rule of law.**

3. Where the commission applies an erroneous rule of law in the determination of this issue, the case may be remanded for a new hearing. The law requires that claimant's case be proven by only a preponderance of evidence. A rule followed by the commission that it must be proven by clear and satisfactory evidence that will leave no doubt in the minds of the triers of fact, is erroneous, since it imposes a greater burden than proof by mere preponderance of evidence.

Upon the relation of Grace Hogan the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review the action of the commission reversing the award of the referee in proceedings brought under the Workmen's Compensation Act by relator, employe, against Twin City Amusement Trust Es-

[1]Reported in 193 N. W. 122.

tate, employer, and Hartford Accident & Indemnity Company, Insurer. Remanded for a new hearing.

*Drill & Drill*, for appellant.

*Sexton, Mordaunt & Kennedy*, for respondents.

HALLAM, J.

On December 7, 1921, plaintiff was employed by defendant Twin City Amusement Trust Estate as a musician at its theatre. While carrying a bundle of music rolls down a stairway on defendant's premises early one evening, she fell and sustained injuries. She worked the remainder of the evening and next day. The second day she laid off. Next day she worked. For the remainder of the month, she laid off from time to time, an aggregate of several days. On January 1 she consulted a physician. He found her suffering from inflammation of the Fallopian tubes, an inflammation of the right ovary and one small fibroid tumor. After treating her for some days, the doctor removed both Fallopian tubes, the ovary and the tumor. Plaintiff was disabled for nine weeks. She made claim for compensation which the referee allowed. On appeal, the Industrial Commission reversed the award of the referee and denied compensation. Plaintiff brings certiorari to review the action of the commission.

1. It is not contended that any of plaintiff's ailments had their inception in the fall she sustained. It is not claimed that the tumor or the ailment of the ovary was in any manner affected by the fall. The claim is that the diseased condition of the Fallopian tubes was dormant, and that it was aggravated by the fall, and recovery is asked on the well-known principle, that "an actual aggravation of an existing infirmity by an accident occurring in the course of employment is compensable," even though the accident would have caused no injury to a perfectly normal person. See State ex rel. Jefferson v. District Court, 138 Minn. 334, 164 N. W. 1012. See Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203. The commission found that plaintiff's existing infirmity was not aggravated by the fall and the question before us is whether this finding can be sustained.

2. A careful examination of the evidence convinces us that it was ample to sustain a finding for plaintiff.

Plaintiff testified that she was never conscious of her ailment prior to the accident. Dr. Howard was her attending physician. He testified that the condition in which he found plaintiff could not result entirely from the accident, "but an injury can aggravate it." Asked whether he had an opinion as to whether or not there was any connection between the conditions which he found and the injury, he replied that he had. Then followed this:

"Q.  Will you express your opinion?

"A.  My opinion is that such an accident might aggravate and cause an acute outbreak of a chronic dormant condition.

"Q.  That is your opinion in this case?

"A.  Yes, sir."

If this testimony is ambiguous, the following is not:  In answer to a question by the referee, he said:  "I think it is reasonable to believe, in view of the fact that she had not laid off previously, that she had never had any trouble up to the time of the injury—it is entirely reasonable to believe, and it is my opinion that undoubtedly the fall had something to do with her disability—the fall brought it on to this acute stage or aggragated it.  I have no way of knowing how long this process had been going on, but it seems reasonable to believe this, assuming she had always been well and suddenly having this fall she began to have trouble which got worse until the operation was performed."  Asked by defendant's counsel:  "Is it also reasonable to believe, in view of the conditions you found there, that this acute condition may have developed even though she did not have this particular fall?" he answered:  "I don't believe it is possible in this case."  Asked again if the infection may have developed irrespective of any fall, he said:  "It is possible but I don't believe so in this case."  He repeated:  "My opinion was that this aggravated this condition."

On the other hand defendant produced two medical experts who disagreed with Dr. Howard.  The testimony being in conflict, an issue of fact was present and the determination of the question was

for the referee, and, on appeal from the referee, for the commission.

3. In this case, however, it is clear that the commission applied an erroneous rule of law in the determination of this issue. The commission in a memorandum stated:

"The fact that this fall aggravated her condition and caused the disability and operation is one which in the nature of things must be established by clear and satisfactory evidence. * * * Clear and satisfactory evidence is such evidence as convinces the mind and conscience of the person who is required to make a finding of the truth of the allegation. If the mind of the trier is left in doubt as to whether or not such an effect occurred, the finding in favor of compensation should not be made, for the reason that the burden of establishing the fact is upon the one who asserts it, and this burden is not discharged unless the evidence is so clear and satisfactory that it satisfies the unprejudiced mind of the referee or commission of the fact asserted."

The rule in civil cases is that the party having the burden of proof may overcome it by a preponderance of evidence. This is so well understood that no citation of authority is necessary. There is nothing in the statute to warrant the assumption that the legislature intended to impose any more arduous burden on an employe seeking compensation for injury. The statute does not do so.

When the commission said plaintiff's case must be proven by "clear and satisfactory" evidence, it described a degree of proof greater than a preponderance. Peterson v. Estate of Bauer, 76 Neb. 652, 107 N. W. 993, 111 N. W. 361; Chicago, R. I. & Pac. Ry. Co. v. Railway Commission, 85 Neb. 818, 124 N. W. 477, 26 L. R. A. (N. S.) 444; Minneapolis, St. P. & S. S. M. Ry. Co. v. Railroad Commission, 136 Wis. 146, 116 N. W. 905, 17 L. R. A. (N. S.) 821. And, when it added that the proof must convince the mind and conscience so that the mind must not be left in doubt, it described a degree of proof little short of that required to make proof of guilt in criminal cases. This degree of proof is required in some civil cases, as where attempt is made to impeach records, as in Foster v. Brick, 121 Minn. 173, 141 N. W. 101, but these cases are exceptional.

The proof required to establish the relation of cause and effect between an injury and a subsequent ailment must be such as to take the case out of the realm of conjecture, but if the evidence furnishes a reasonable basis for an inference that the injury was the cause of what followed, that is sufficient. Healey v. Hoy, 115 Minn. 321, 132 N. W. 208.

The statute gives this court power, where necessary, to "remand the cause to the Industrial Commission for a new hearing or for further proceedings, with such directions as the court may deem proper," Laws 1921, p. 653, c. 423, § 3, and, for the reason that the commission applied an erroneous rule of law, the case is so remanded for a new hearing.

Case remanded.