## JOHN KLIKA v. INDEPENDENT SCHOOL DISTRICT NO. 79.[1]

January 23, 1925.

No. 24,154.

**Inguinal hernia which is an accidental injury under compensation act compensable.**

1. An inguinal hernia, the development of which is caused by over-exertion or strain, is an accidental injury within the Workmen's Compensation Act and is compensable. It is unimportant in the administration of the law whether from a medical or scientific standpoint hernia is classed as a disease or a malformation or is otherwise designated; nor is it important that the employe is predisposed thereto. The law concerns itself only with the legal cause.

**Court bound by Industrial Commission's finding of fact.**

2. The finding of the Industrial Commission on questions of fact is binding upon the supreme court.

**When case should be remanded for rehearing.**

3. If there is a misapprehension or misapplication of the law, the case may be remanded for a hearing. Where the evidence points forcefully to an unusual strain in the course of employment as the legal cause of the development of a hernia, and the asserted medical view that hernia is a progressive disease is so emphasized and so permeates the consideration of the case as to obscure the search for the legal cause, a rehearing should be granted.

Upon the relation of John Klika the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order disallowing compensation in an action brought under the Workmen's Compensation Act by John Klika, employe, against Independent School District No. 79, employer, and its insurer. Remanded for rehearing.

*L. J. Lauerman,* for relator.

*L. N. Foster* and *W. L. Emerson,* for respondent.

[1]Reported in 202 N. W. 30.

DIBELL, J.

Certiorari to the Industrial Commission to review its order denying compensation under the Workmen's Compensation Act to John Klika, the relator, for a hernia alleged to be the result of an accidental injury received while in the employ of the respondent school district.

1. In the forenoon of June 20, 1923, Klika was working on the defendant's grounds. He was pushing a wheelbarrow, heavily loaded, in sticky gumbo. The wheel "went in a hole," "got locked full of dirt, and I pushed him with all my strength, then I felt a kind of pain in my side right away." The pain was "just like somebody pushed there with finger or something like that and something tear right on the side here." He worked for two or three days, but his work was lighter. He saw a doctor on June 27, 1923. He was then ruptured. He says he had not been ruptured before. An operation disclosed an inguinal hernia. The attending surgeons say it was of recent origin. They accept Klika's version as to the cause of it. One of them says he himself sustained a hernia "in just that way" through an abdominal strain, when pushing his auto. The testimony of the physician called by the school district, while favoring the doctrine that hernia is of a gradual development, is not particularly opposed to the claim that the strain was the legal cause. Questioned as to the probability of a hernia being produced by the relator's exertion at the time, he says:

"My opinion is that an extra exertion at a time like that, of course, may be the exciting cause but indications are that there has been some previous condition that would bring it about."

And it is enough that the extra exertion is the exciting cause. So in Zappala v. Industrial Ins. Com. 82 Wash. 314, 316, 144 Pac. 54; 55 L. R. A. 1916A, 295, a hernia case, the court said:

"The sustaining of an injury while using extreme muscular effort in pushing a heavily loaded truck is as much within the meaning of a fortuitous event as though the injury were the result of a fall or the breaking of the truck. To hold * * * that if a machine breaks, any resulting injury to a workman is within the act, but if

the man breaks, and resulting injury is not within the act, is too refined to come within the policy of the act. * * * The machine and the man are within the same class as producing causes, and any injury resulting from the sudden giving way of the one, while used as a part of any industry within the act, is as much within the contemplation of the act as the other."

That the relator may have been predisposed to hernia, that there was, using the language of respondent's witness, "some previous condition that would bring it about," does not prevent compensation. Babich v. Oliver Iron Mining Co. 157 Minn. 122, 195 N. W. 784; Casper Cone Co. v. Ind. Com. 165 Wis. 255, 161 N. W. 784, L. R. A. 1917E, 504. The same rule applies to the rupture of a blood vessel. Milwaukee v. Ind. Com. 160 Wis. 238, 151 N. W. 247. And so of a heatstroke. Ismay v. Williamson, (1908) A. C. 437. The aggravation of an existing malady or disease by an accident is compensable. Hogan v. Twin City Amusement Trust Estate, 155 Minn. 199, 193 N. W. 122; Peoria Ry. Ter. Co. v. Industrial Board, 279 Ill. 352, 116 N. E. 651; Brightman's Case, 220 Mass. 17, 107 N. E. 527, L. R. A. 1916A, 321. And so in Ismay v. Williamson (1908) A. C. 437, 441, it was held that a heatstroke was compensable as an accidental injury, "although a heatstroke may be called a disease."

Conceding that it is the accepted medical or scientific view that hernia is a disease, the law has no quarrel with it. The law is concerned with the ascertainment of the legal cause. If the result comes by accident within the meaning of the statute it is compensable. G. S. 1923, § 4326; L. 1921, p. 90, c. 82, § 66. It is then unimportant whether from a medical standpoint it is a disease or a malformation or is otherwise designated.

If an accidental injury results in a hernia, or aneurism, or paralysis, the result, whatever the proper medical or scientific term applicable to it, is compensable. Babich v. Oliver Iron Mining Co. 157 Minn. 122, 195 N. W. 784 (hernia); Fenton v. J. Thorley & Co. Ltd. (1903) A. C. 443 (rupture); Casper Cone Co. v. Industrial Co. 165 Wis. 255, 161 N. W. 784, L. R. A. 1917E, 504 (hernia); Puritan Bed Spring Co. v. Wolfe, 68 Ind. App. 330, 120 N. E. 417 (hernia); Poccardi v. Pub. Serv. Com. 75 W. Va. 542, 84 S. E. 242, L. R. A.

1916A, 299 (hernia); Robbins v. Original Gas Engine Co. 191 Mich. 122, 157 N. W. 437 (hernia); State ex rel. Puhlmann v. District Court, 137 Minn. 30, 162 N. W. 678 (paralysis through rupture of blood vessel); State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918 (sunstroke); Clover, Clayton & Co. v. Hughes (1910 A. C. 242 (aneurism); Stombaugh v. Peerless W. F. Co. 198 Mich. 445, 164 N. W. 537 (heart rupture); Milwaukee v. Ind. Com. 160 Wis. 238, 151 N. W. 247 (rupture of blood vessel) Gilliland v. Ash Grove, L. & P. C. Co. 104 Kan. 771, 180 Pac. 793 (pulmonary hemorrhage); Haskell & B. C. Co. v. Brown, 67 Ind. App. 178, 117 N. E. 555 (aneurism); E. Baggot Co. v. Industrial Com. 290 Ill. 530, 125 N. E. 254, 7 A. L. R. 1611 (hemorrhage of heart); La Veck v. Parke, Davis & Co. 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D, 1277 (paralysis resulting from rupture of blood vessel caused by heat and overexertion).

Finally, though the employe is predisposed to what is commonly called a rupture, though there is a lack of physical integrity of the parts so that a rupture is likely to result some time, though he has a congenital or acquired condition favorable to its development, if an unusual strain or overexertion attendant upon the work induces its development, that is the legal cause and the result is compensable.

2. The finding of the commission, if there is evidence reasonably tending to sustain it, is binding upon the court. State v. Industrial Com. 155 Minn. 150, 193 N. W. 34; Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009, and cases cited; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; State ex rel. Kile v. District Court, 146 Minn. 59, 177 N. W. 934.

3. But if there is a misapprehension or misapplication of the law there may be a remand for a rehearing. Hogan v. Twin City Am. Tr. Estate 155 Minn. 199, 193 N. W. 122.

The evidence points forcefully to a strain, or more than usual exertion, as the cause of the employe's rupture. Unless he was suffering from a rupture at the time, and he says that he was not and there is no evidence that he was, or unless it came as a natural development independently of the strain or exertion, which his evi-

dence negatives, the situation is similar to that disclosed in the cases cited where the usual finding of the tribunal trying the fact was that accidental injury was the immediate or exciting cause and within the compensation act the legal cause. Throughout the case the theory that hernia is a disease was stressed. Medical treatises were quoted. This view was taken by the referee. His conclusion was that the work in which the relator was engaged "was the means of discovery of a rupture and not the cause." The commission adopted the referee's holding. It reached the conclusion that the relator had a slowly developing hernia with which he had been afflicted for some time and that the strain was not the legal cause of the condition from which he was suffering.

We do not hold that a finding adverse to the relator may not be sustained. That question we do not meet now. Our view is that the claimed medical understanding that hernia is a disease, its development hardly to be ascribed to a strain as its legal cause, was so emphasized and so permeated the case that the search for the legal cause was obscured, and that there should be a rehearing. An attorney's fee of $50 in this court is allowed.

Remanded for rehearing.

STONE, J. (dissenting.)

I dissent because there is evidence sustaining the decision of the Industrial Commission.