**WARLOP v. WESTERN COAL & MINING CO.**

Circuit Court of Appeals, Eighth Circuit. March 17, 1928.

No. 7935.

1. **Courts** &⟶366(23)—Decisions of Supreme Court of Kansas govern federal court in construing Kansas Compensation Act.

In construing the Kansas Workmen's Compensation Act (Rev. St. 1923, 44—501 to 44—547), Circuit Court of Appeals is governed by the decisions of the Supreme Court of Kansas.

2. **Master and servant** &⟶403—Compensation claimant has burden of showing injury by accident, and that it arose out of and in course of employment.

Burden is on compensation claimant to show the fact of injury by accident, and that it arose out of and in course of employment.

3. **Master and servant** &⟶372—Employee's disability, occurring entirely by reason of disease, is not compensable.

If employee's disability occurred entirely by reason of disease, he is not within terms of Kansas Workmen's Compensation Act (Rev. St. 1923, 44—501 to 44—547), as compensation is payable for disability caused by accidental injury and not for disability caused by disease.

4. **Master and servant** &⟶376(2)—Miner suffering total and permanent disability from falling rock held entitled to full compensation, notwithstanding pre-existing disease which at some uncertain time in future might have resulted in his total disability (Kansas Workmen's Compensation Act).

Where coal miner, having a pre-existing arthritic condition of the lower portion of his back which at some uncertain and undetermined time in the future might cause him to become totally incapacitated, was injured by a heavy rock falling upon him, resulting in immediate total and permanent disability, *held*, that he was entitled to full compensation for permanent and total disability as prescribed by the Kansas Workmen's Compensation Act (Rev. St. 1923, 44—501 to 44—547).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Proceeding under the Kansas Workmen's Compensation Act by Charley Warlop, employee, opposed by the Western Coal & Mining Company, employer, which was removed on proper petition to the federal court. From a decree and judgment of the District Court confirming an award of the arbitrator, the claimant appeals. Reversed and remanded.

Douglas Hudson, of Ft. Scott, Kan. (Sylvan Bruner, of Pittsburg, Kan., on the brief), for appellant.

C. O. Pingry, of Pittsburg, Kan. (P. E. Nulton and G. L. Stevenson, both of Pittsburg, Kan., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

KENYON, Circuit Judge. This action was brought by appellant, Charley Warlop, under the Kansas Workmen's Compensation Act (Rev. St. 1923, 44—501 to 44—547), asking the determination of compensation for personal injury by accident arising out of and in the course of his employment as a coal miner in appellee's mine. The case was removed upon proper petition therefor by appellee to the federal court.

Appellee filed answer denying the right of appellant to compensation. The Kansas Workmen's Compensation Act provides (chapter 44, art. 5, § 501 [Rev. St.]):

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall,

subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act."

It also provides that, in case of injury not resulting in death, compensation is to be allowed based on a certain per cent. of the average weekly earnings of the injured workman, which shall not be less than $6 per week, nor more than $15, that payment of compensation for total permanent disability shall not extend over a period exceeding eight years from the date of injury, and that, in cases such as this, permanent disability is to be determined in accordance with the facts. Other provisions thereof are not important in this discussion. The act is in line with the usual Workmen's Compensation Laws in various states of the Union.

The federal court appointed an arbitrator, as provided by the act, with directions to make findings on the question of whether or not claimant was entitled to compensation, and, if so, the amount. The arbitrator heard the evidence, which showed that appellant was a coal miner working for appellee, and on March 20, 1924, was, while in a mine entry loading a car of coal, injured by a very heavy rock falling on his back. Medical evidence was introduced both by appellant and appellee, and as usual such testimony was contradictory in many respects. It appeared that appellee had paid $148 for medical services for the benefit of appellant, and possibly some other expenses. The arbitrator submitted a report which included a résumé of the evidence, with findings of fact and conclusions of law. The findings of fact were as follows:

"(1) On March 20, 1924, the plaintiff was, and had been for some years prior thereto, in the employ of defendant as a coal digger, and was, and had been for a year prior thereto, earning a sum sufficient to entitle him to have and receive from defendant as compensation under the Compensation Law the sum of $15 per week during the time he was totally incapacitated from performing his work by reason of or from any injury he might receive in the course of his employment and while engaged in such work.

"(2) On March 20, 1924, plaintiff was suffering from, and had had for some years, a disease known as hypertrophic arthritis in the lumbar region of his back and that this disease is a progressive one and would have, in the course of years (the exact time the evidence does not show) totally incapacitated him from the performance of his usual occupation of digging coal.

"(3) On March 20, 1924, plaintiff sustained an accidental injury while in the employ of defendant, in the course of such employment, by the fall of a very large rock, which struck him upon the lower part of his back and crushed him to the floor of the entry in which he was working.

"(4) This injury accelerated the progress of the diseased condition of plaintiff's back, and, from the combined effect of the injury and the disease, plaintiff was totally incapacitated from performing the labor of his occupation as coal digger, and from the performance of any other manual labor, from March 20, 1924, until July 23, 1925, the approximate date of the taking of testimony herein; and that for such total disability he is entitled to have and receive from defendant the sum of $15 per week from October 23, 1924, to July 23, 1925, with interest thereon at 6 per cent. per annum until the entry of judgment herein.

"(5) From July 23, 1925, for the unexpired part of 8 years from the date of his injury, plaintiff has suffered and sustained, and will suffer and sustain, a permanent partial disability for the performance of his usual occupation as a coal digger, and that he is entitled to have and receive from defendant the sum of $7.50 per week from July 23, 1925, until the entry of judgment herein, and to have and receive an order and judgment against defendant that it pay him $7.50 per week from the entry of judgment herein until the expiration of said 8 years.

"(6) Plaintiff has entirely recovered from all injuries except the injury to his back received on March 20, 1924, and that said injuries no longer affect his capacity to perform manual labor."

From these facts the arbitrator drew conclusions of law, to wit, that appellant should recover against appellee a judgment for the sum of $15 per week from October 23, 1924, to July 23, 1925, together with 6 per cent. interest upon that amount from July 23, 1925; for $7.50 per week from July 23, 1925, until the entry of judgment, and on to the end of a period of 8 years from the date of injury.

Appellant, on April 21, 1926, filed a petition for review and modification of the award of the arbitrator, alleging that the same was grossly inadequate, and that the testimony established that appellant was permanently and totally disabled.

The District Court, on May 4, 1926, on hearing upon this petition for review and modification of the award, appointed two doctors, viz. W. T. Wilkening and C. F. Young, to examine appellant and file their written report, stating whether or not he was totally disabled from mining coal and wheth-

er or not such disability was permanent or otherwise, and re-referred the matter to the arbitrator. The reports of these doctors are as follows:

"May 4, 1926.

"Honorable John C. Pollock, Judge, in the District Court of the United States for District of Kansas, Third Division.—Honorable Sir: As per your instructions I have this day made a thorough examination of the condition of Charley Warlop, including a complete physical examination, urine examination, and X-ray examination of the spine, and it is my opinion that he is suffering from hypertrophic osteoarthritis, resulting from a focal infection, but which has been aggravated as the result of the injury he received in March, 1924. This man is now totally disabled from mining coal and this disability will be permanent.

"I am not in a position to state that this condition would not have resulted though he had never received a traumatic injury, but no doubt it would have arisen as quickly as it has with the injury.

"Respectfully submitted,

"C. F. Young, M. D.

"May 4, 1926.

"Hon. John C. Pollock, U. S. Dist. Judge, Ft. Scott, Kan.—Dear Sir: I have examined Charley Warlop this day, and my opinion is that he is totally and permanently disabled from mining coal or performing manual labor.

"From the history of the case, it appears that this man, prior to March, 1924, was a coal miner who was able to, and did, perform heavy manual labor. It is my opinion that he is suffering from hypertrophic osteoarthritis, which has been caused or aggravated by this injury of March, 1924.

"It would seem that this man had a condition prior to the injury, which has been aggravated by the injury, causing his present disabled condition. Hypertrophic osteoarthritis is very slow in its development, and, from the activity which this man showed immediately prior to his injury, it would be my opinion that in the ordinary course of development his condition would not have been such as would have disabled him for many years.

"The injury has caused a flare-up or aggravation, and without the injury itself my opinion is that he would have been able at this time and for probably a good many years, to have continued in his occupation as a coal miner.

"Very respectfully,

"W. T. Wilkening."

Said arbitrator reviewed the matter again and filed a supplemental report reciting in part as follows:

"Upon further consideration of the evidence heretofore taken, and filed with my first report, and upon consideration of the reports of said last-named physicians, I am unable to make any change, either in my findings of fact or conclusions of law, as set forth in my first report.

"The question is not whether the plaintiff is permanently and totally disabled from following his occupation of coal miner, but what brought about or caused his present disability. In my first report I found, and still find, that plaintiff is permanently and totally disabled from doing the work of a coal miner; but I thought and still think that his disability is not and was not solely caused by the accident and injury which he sustained in the coal mine of defendant on March 20, 1924. Testimony, including the reports of Drs. Young and Wilkening, satisfies my mind that the present disability of plaintiff was the result of the pre-existing arthritic condition of the lower portion of his back and of the injury which he suffered on March 20, 1924. I concluded and still conclude that the facts did not and do not warrant an award to the plaintiff of full compensation for his present disability. I awarded plaintiff full compensation up to and including the time of the taking of the first testimony before me, and I awarded him one-half of the full compensation from that time for the remainder of the 8 years prescribed by the Compensation Law. In this I felt and still feel that I had done full justice to the plaintiff, if not more than full justice.

"In other words, I am satisfied, from the evidence, that the injury to the plaintiff's back was not the direct cause of the present condition; that the injury is not the causa causans of his present condition."

Counsel for appellant filed exceptions to the supplemental report of the arbitrator; the main one being that the arbitrator did not follow the law as it had been declared by the Supreme Court of Kansas with reference to compensation payable by reason of an injury which aggravates an existing disease, and also that the arbitrator erred in not finding appellant entitled to recover compensation for total and permanent disability, and moved the award be modified and a decree and judgment be entered granting to appellant such compensation as he was entitled to by reason of permanent and total disability.

The court overruled the motion to modify

the award, confirmed the report of the arbitrator, and entered decree and judgment thereon.

A number of questions are suggested relating to procedure, which we think are unimportant; the procedure seeming to be that followed by the Kansas courts in cases arising under the Workmen's Compensation Act. We are satisfied that appeal could be taken from the judgment and decree entered. Nor need we consider suggestions as to the claimed binding effect of the arbitrator's findings on fact questions, as the real question here is not with reference to reviewing facts, but is whether or not the arbitrator and the court erred in a conclusion of law based on the facts as found.

The two reports of the arbitrator are not entirely in harmony. In the first he seems to limit the time as to the total disability of appellant to a period prior to July 23, 1925, and finds that after said date there is a permanent partial disability with relation to his occupation as a coal miner. The second report, however, states the arbitrator's idea of what he held in the first report. He says, "In my first report I found, and *still find*, that plaintiff is permanently and totally disabled from doing the work of a coal miner." As to whether he did so find in his first report may be debatable, but clearly that is what he found in his second and final report. He also found that the disability was not solely caused by the accident and injury which appellant sustained on March 20, 1924. It is the arbitrator's conclusion in his second report that the disability of appellant was the result of a combination of the accident and a pre-existing arthritic condition of the lower portion of appellant's back, and that therefore appellant was not entitled to full compensation for his permanent and total disability. The arbitrator awarded for the remainder of the 8-year term prescribed by the Compensation Law, one-half of full compensation.

[1-3] In construing this act, we are governed by the decisions of the Supreme Court of Kansas. Kansas City Fibre Box Co. et al. v. Connell (C. C. A.) 5 F.(2d) 398, 43 A. L. R. 478. The burden was on appellant to show the fact of injury by accident, and that it arose out of and in the course of his employment. If the disability had occurred entirely by reason of disease, then appellant would not be within the terms of the act. Compensation is payable for disability caused by accidental injury and not for disability caused by disease. Hoag v. Laundry Co., 113 Kan. 513, 215 P. 295; Taylor v. Swift

& Co., 114 Kan. 431, 219 P. 516; Chop v. Swift & Co., 118 Kan. 35, 233 P. 800.

[4] Under the conclusions of the arbitrator adopted by the court, this case presents this situation: A workman entitled to the benefit of the Compensation Act, having some pre-existing arthritic condition of the lower portion of his back which at some uncertain and undetermined time in the future might cause him to become totally incapacitated, is injured by a heavy rock falling upon him, total disability immediately ensuing—can a court, finding such total disability to exist and also finding it to be permanent, reduce the compensation to which the injured party would have been entitled had there been no question that the disability was caused entirely by the accident? This is the real and only question in the case. It is to be noted that the two doctors appointed by the court whose evidence would naturally be entitled to the most weight, agree substantially in their reports that appellant was totally and permanently disabled, and that his previous condition was aggravated by the injury which resulted in his present condition; one of the doctors stating that, in view of appellant's activity immediately prior to the injury, his condition would not have resulted in disabling him had the accident not happened, until a number of years had passed. It is to be noted also that the year prior to receiving the accident plaintiff worked in the mines every day except one, and had earned $2,444.33, evidencing that the so-called hypertrophic osteoarthritis was causing him no inconvenience.

It seems to be well settled by the Kansas decisions that, if an existing disease is aggravated by accident or injury resulting in disability, the employee is entitled to compensation. In Monson v. Battelle, 102 Kan. 208, 170 P. 801, the court quotes with approval a statement in the Annotations to the case of Linnane v. Ætna Brewing Co. (Conn.) L. R. A. 1917D, 77, 105, as follows:

"The courts very generally hold that if an existing disease is aggravated by accident or injury, compensation must be paid for the resulting incapacity."

And the court held that, where plaintiff had to wade through foul and impure flood water which had overflowed the yards of defendant's car works where he was employed, which resulted in infection to an old injury to his foot which had not healed, resulting in amputation, that such injury was an accident arising out of and in the course of employment.

Gilliland v. Cement Co., 104 Kan. 771,

180 P. 793, is a case where a workman's employment required him to break rock in a quarry with a heavy sledge and load the rock into a car, and where he suffered pulmonary hemorrhage. It was held that the facts indicated injury by accident, and that the injury arose out of his employment; the court saying, page 778 (180 P. 796):

"The statute establishes no standard of health for workmen, entitling them or their dependents to compensation, and, if the added factor of physical exertion in the employment were required to effect the lesion, and did so, the injury arose out of the employment."

In Blackburn v. Brick & Tile Co., 107 Kan. 722, 193 P. 351, the court held that the trial court's instruction to the jury that plaintiff could not recover for an aggravation of any disease he may have had prior to receiving the injury was erroneous, and the court cites with approval a number of leading cases on the subject, and says (page 727 [193 P. 353]):

"It is true that under our Compensation Laws a workman may not recover compensation for an incapacity resulting merely from a disease, although the disease developed in and was caused by the nature and conditions of his employment. It is only where he has sustained some accidental injury, arising out of and in the course of his employment, which aggravates a disease and thereby causes incapacity, that he may recover compensation. This distinction is recognized in the cases cited, supra, and in some of those cited in defendant's brief."

These decisions of the Kansas courts are in harmony with the great mass of decisions, both in this country and in Europe, in cases arising under the Workmen's Compensation Acts. While it would be interesting to review these various cases, it is not necessary. Their soundness cannot well be questioned. We cite a few of the many. La Veck v. Parke, Davis & Co., 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D, 1277; Casper Cone Co. et al. v. Industrial Commission et al., 165 Wis. 255, 161 N. W. 784, L. R. A. 1917E, 504; Mailman v. Record Foundry & Machine Co. et al., 118 Me. 172, 106 A. 606; Carroll v. What Cheer Stables Co., 38 R. I. 421, 96 A. 208, Ann. Cas. 1918B, 346; Hartz v. Hartford Faience Co., 90 Conn. 539, 97 A. 1020; Geizel v. Regina Co., 96 N. J. Law, 31, 114 A. 328; Lachance's Case, 121 Me. 506, 118 A. 370; Peoria Ry. Terminal Co. v. Industrial Board, 279 Ill. 352, 116 N. E. 651; Mansfield Engineering Co. v. Winkle, 77 Ind. App. 237, 133 N. E. 390; Tintic Milling Co. v. Industrial Commission, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325; Shadbolt v. Department of Labor and Industries of Washington, 121 Wash. 409, 209 P. 683; Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862; Honora E. Madden's Case, 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000.

It does not appear in this case that, even had the accident not occurred, the disability would, at some certain time within the 8-year limit of the statute, have resulted from any disease. Certainly the disease did not produce the disability of appellant. Did the accident, or was it a combination of the two? The arbitrator and the court found the latter. There are probably lurking germs of disease in nearly all human mortals. Some accident may accelerate the disease and produce complete disability, but, if the disease would not have developed without the accidental injury, that must be regarded as the contributory proximate cause. Workmen's Compensations Acts are not limited in their benefits to perfectly healthy employees. An interesting comment on this phase of the matter is that in Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862:

"The proof goes no further, in support of the defense of this suit, than to show that the plaintiff might, and perhaps would, at some time, have become disabled by the disease that was lurking in his system, even if the accident complained of had not happened. And that is not much more of a defense than to say that every man must some day come to the end of his worldly career, accident or no accident." The arbitrator and court found that because appellant had for some years prior to the accident had a disease known as hypertrophic arthritis in the lumbar region of the back the accident was not the sole cause of appellant's condition, and the compensation allowable for total disability should be reduced. This we think was an erroneous conclusion. The evidence is conclusive that, if appellant had such disease, it was entirely problematic at what time in the future if ever it would have resulted in total or any disability of appellant. The accident without question accelerated the disease and was the responsible cause of the disability.

The decree and judgment of the trial court is reversed, and the case remanded, with instructions to enter judgment on the basis of appellant's right to the full compensation of $15 per week for permanent and total disability as prescribed by the Kansas act.

Reversed and remanded.