15284

HENDERSON v. GRANITEVILLE COMPANY

(15 S. E. (2d), 637)

March 13, 1941.

The order of Judge Lide requested to be reported follows:

This is an appeal from an award made by the South Carolina Industrial Commission in favor of Tom F. Henderson, employee above named, against Graniteville Company, employer above named, who may for convenience be referred to as the plaintiff and the defendant respectively. The claim is based upon hernia or rupture alleged to have resulted from

injury by accident arising out of and in the course of the employment. The hearing commissioner found in favor of the plaintiff, and upon review by the full commission his award was sustained, although he was reversed in a matter of detail to which reference will hereinafter be made.

The case was submitted to me by agreement of counsel for the respective parties upon the record and excellent type-written briefs. The fundamental question involved in the appeal, although there are four exceptions, is whether or not the award has reasonable support in the evidence.

For convenience I quote Subdivision (r) of Section 2 of the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, p. 1231, relating to claims for compensation for hernia:

"In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Industrial Commission:

"First. That there was an injury resulting in hernia or rupture.

"Second. That the hernia or rupture appeared suddenly.

"Third. That it was accompanied by pain.

"Fourth. That the hernia or rupture immediately followed an accident.

"Fifth. That the hernia or rupture did not exist prior to the accident for which compensation is claimed."

The paramount inquiry is: Was the testimony here such that it may reasonably be said that the five essential elements were definitely proven?

The plaintiff, a man about fifty years of age, was employed by the defendant company at its cotton mill at Graniteville, in Aiken County, as a weaver. While working on the night shift on September 23, 1939, according to his testimony, he had a broken pick in his loom, making it necessary for the loom to be stopped and a new pick put in; and in order to stop the loom it was necessary for him to catch the reed cap and throw his whole weight against the loom.

He testified that in exerting this considerable force to stop the loom he was at once stricken with pain in his groin, and that he felt something slip, whereupon a lump appeared suddenly and immediately, which grew larger and is the hernia for which compensation is sought, and which did not exist prior to the accident.

It appears that on December 6, 1937, while the plaintiff was employed in another cotton mill he suffered a previous hernia for which he underwent an operation on December 9, 1938, and was thereafter, to wit, on March 1, 1939, dismissed by his physician as being cured and able to return to work. The record indicates that this operation was properly performed, and, to use the technical term, resulted in a repair of the old hernia.

The testimony of plaintiff, as above briefly outlined, seems clearly to make out a case under the provisions of the Compensation Act, to wit, (1) there was an injury resulting in hernia; (2) which appeared suddenly; (3) was accompanied by pain; (4) the hernia immediately followed an accident; (5) and did not exist prior to the accident.

The controversy here relates principally to the second and fifth elements, to wit: Did the hernia appear suddenly, or did it exist prior to the accident? And it is earnestly contended by the defendant that the hernia for which compensation is claimed did in fact exist prior to the accident; and furthermore, may be deemed to be a recurrence of the former hernia.

The defendant company introduced evidence to contradict the plaintiff on certain vital points. Dr. J. C. Pearce, a physician who testified in behalf of the defendant, stated that the secretary of the company, H. J. Griffis, brought the plaintiff to his office on September 26, 1939, and that he examined him for hernia on his right side. He states the conditions as he found them, and says that the plaintiff "gave a history of having had for several weeks a stinging and burning sensation at the site of this hernia." Dr. Pearce

further testified that such a symptom would indicate that the hernia was forming prior to the accident.

Mr. H. J. Griffis, secretary of the company, testified that the plaintiff "gave the doctor the statement that he had had a burning, stinging pain in the region of the hernia for several weeks"; and Mr. Griffis further testified that immediately thereafter he took the plaintiff to his office and dictated an affidavit in his presence, and that after the same had been transcribed he read it over to the plaintiff, who thereupon signed it. The testimony of Mr. Griffis with reference to the affidavit is corroborated by the testimony of the stenographer. The affidavit was introduced in evidence, and the last sentence of it reads as follows: "For the past several weeks I have noticed a burning pain in the region of the hernia, but on last Friday night while turning a loom I strained myself and felt a sharp pain at the time." The plaintiff admitted that the affidavit was dictated and read in his presence and that he signed it. He further stated that the affidavit was correct, except the last part of it relating to his having noticed a burning pain for several weeks, and that this was not correct; and referring to this statement in the affidavit, he said that Mr. Griffis "did not read it just like that"; and later he also said: "I never heard him if he used them" (meaning the words in question). He is explicit that he did not experience a burning or stinging pain in that part of his body, but that on the contrary the only sensation that he experienced there at all was that there was a tenderness due to his previous operation, and that the operation had left a scar.

Without going into further detail, it is manifest that the conflicts in the evidence were grave and serious.

On the one hand, we have testimony given by the plaintiff tending to support his claim, while on the other hand, he is contradicted upon vital points. Yet if the case had been tried by a jury it is indubitable that in that situation the presiding Judge would not have been justified in taking the case from the jury and himself deciding the issues

of fact so raised. In other words, all questions of fact, including the weight of the evidence and the credibility of the witnesses, were for the commission as the fact-finding body. In this connection it should be stated that the hearing commissioner was apparently somewhat confused with reference to the affidavit of plaintiff introduced by the defendant by way of contradiction, for in effect he held that the affidavit was not competent because the contents thereof had been questioned. But this ruling of his was rightly disapproved by the full commission, which, however, held that after giving consideration to the affidavit and all the testimony in the record it was their conclusion that the claim had been established pursuant to law.

The first ground of the appeal to this Court specifically refers to the preponderance of the evidence, but as I understand the rule, I am not concerned with preponderance of evidence, since that was clearly for the fact-finding body. It is true, the statute says that the essential elements of a hernia claim must be definitely proven to the satisfaction of the commission, but this can only mean that the proof should be so definite as reasonably to satisfy them; and the Court could not reverse their findings if there is a rational basis in the evidence for the same.

The second exception relates to the contradicting affidavit and the testimony as to alleged declarations by the plaintiff tending also to contradict his testimony; but as I have already indicated, these matters were for the determination of the commission.

The fourth exception is to the effect that the evidence does not support the award; particularly, as to evidence that the hernia appeared suddenly; but the testimony of plaintiff to that effect is explicit.

But the third exception raises the point that the award as made is entirely dependent upon the findings of fact alleged to be based upon the testimony of Dr. Pearce that his examination of the plaintiff after the accident showed that the hernia complained of "was a new hernia; that it was not a

recurrence of the old hernia; that although in his opinion the abdominal wall and muscles could have been weakened by the previous hernia or operation." The point thus made and earnestly argued by counsel for the defendant is that the present hernia did not appear suddenly, but that it was coming on gradually for some time prior to the alleged accident. It appears from the testimony of Dr. Pearce, as I have already stated, that based upon the alleged statements to him by the plaintiff that he has previously experienced a burning pain for some time the inference might be drawn that the hernia was coming on gradually. But without reference to this alleged statement which was expressly denied by the plaintiff, Dr. Pearce testified more than once that this was a new hernia, although it was his opinion that it would not have occurred in the position that it did if it had not been for the operation for the previous hernia; and he also referred to it as a secondary hernia. I quote the following from his testimony:

"Q. Now, you referred to this as a new hernia. Is it actually a new hernia or is it a recurrence of an old one in the scar of the old one? A. The old hernia was repaired because the canal that it came down was obliterated when he repaired that but in repairing those things, as I stated before, the muscles are weakened and of course more likely to break down than they would be otherwise. This hernia does not travel the same path that the old one traveled at all, although as I stated before, it comes out of the top of the scar of the old hernia operation.

"Q. In your opinion it probably would not have occurred if it had not been for the first one? A. That is my opinion of it, yes."

Of course, Dr. Pearce's testimony should be considered as a whole, but after carefully reading it all I do not think the commission was in error in concluding that his testimony would support the inference that the present hernia is not a recurrence of the old, although it might not have occurred

but for a weakened condition of the abdominal wall and muscles because of the previous operation for hernia.

It should also be borne in mind that Dr. C. J. Scurry, who operated on the plaintiff for the first hernia, and examined him after the alleged accident involved here, made a statement in writing dated December 9, 1939, which by agreement was incorporated in the record as his testimony herein, and is as follows:

"This is to certify that I have this day examined Mr. T. F. Henderson and that he has a small inguinal hernia on the right side, which is apparently not in any way connected with his previous hernia operation which he had in this region. His other hernia was a direct inguinal hernia. The present one is apparently of a direct nature also, but is situated above and external to the internal ring."

If the conclusions of the two physicians are in conflict the commission would have been warranted in accepting the opinion of Dr. Scurry; and I do not think we may presume that their findings are based entirely upon what Dr. Pearce said. But it does not necessarily follow that there is any substantial conflict between the two doctors.

Under the law a hernia to be compensable must result from the accident or injury, which evidently means proximately result. And in this connection I quote the following clear statement from the opinion rendered by Mr. Justice Fishburne in the case of *Rudd v. Fairforest Finishing Co.,* 189 S. C., 188, 200 S. E., 727, 729: "In our opinion, the legislative purpose evident in our Act is to restrict compensation for hernia to those cases where there is a relative and reasonably close coincidence between the accidental injury and the hernia, and where it is clear that no other agency intervened, as to time, place, or action, to cause the injury."

But if Dr. Pearce's opinion is correct that but for the former operation the new hernia would probably not have occurred, does it follow that plaintiff would

not be entitled to compensation? Would a claimant be deprived of compensation because he had a predisposition to hernia, so to speak; because, for example, his abdominal wall was weaker than that of the normal man? Could such a predisposition be deemed an intervening agency? Surely such questions as these last two would be answered in the negative. And by the same token one whose previous hernia had been repaired, as shown by the testimony here, could not be deprived of compensation merely because an operation would naturally tend to weaken the abdominal wall, so that an accident or unusual strain might perhaps be more likely to result in hernia than if there had been no previous operation.

The Wisconsin case of *Casper Cone Co. v. Industrial Commission,* 165 Wis., 255, 161 N. W., 784, L. R. A., 1917-E, 504, holds that congenital predisposition to hernia does not prevent a hernia resulting from an accidental slipping from being proximately caused by the accident within the meaning of the Workmen's Compensation Act. In that case the claimant, while in the due performance of his duties, "accidentally slipped and so strained himself that he fell to the floor, causing a right inguinal hernia with resulting serious disability. He was predisposed to such an infirmity by reason of having what was called a congential hernical sac." The Court among other things said: "But for the mishap there would not have been any disability, caused at the particular time, and such a disability might never have occurred." Hence the Court held that the claimant was entitled to the award allowed by the Industrial Commission.

After mature reflection on the entire record before me, I cannot escape the conclusion that the exceptions should be overruled and the award of the commission affirmed and made the judgment of this Court. And it is so ordered.

*Messrs. Hendersons & Salley,* of Aiken, for appellant,

*Mr. W. H. Nicholson,* of Greenwood, and *Messrs. Williams & Busby,* of Aiken, for respondent,

Counsel for appellant, in reply,

June 28, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This appeal is from an order of the Circuit Court affirming an award of workmen's compensation to the respondent by the Industrial Commission. The Circuit decree sufficiently states the case and will be reported as a part of the judgment of this Court.

Appellant states four questions as being raised by its exceptions, the first two of which in effect are that there was no proper testimony before the hearing commissioner and, on review, before the full commission upon which to base a finding that claimant's hernia did not exist before the accident which occurred in the course of his employment by appellant and especially that it appeared suddenly; and the third and fourth questions complain that there has been no direct adjudication of the untruthfulness of appellant's witnesses, for lack of which the award was improper and void, and constitutes a denial of due process of law.

We have carefully considered the record and are of the opinion that the trial Judge reached the correct conclusion. The rule that if the commission had before it any competent evidence to support its findings of fact the latter are binding upon the Courts is so well established that it is hardly necessary to cite authority. It was very recently restated in *Cokeley v. Lee*, S. C., 14 S. E. (2d), 889, decided May 27, 1941. To the precedents there cited may be added the recent decision of *McDonald v. Palmetto Theatres*, 196 S. C., 460, 13 S. E. (2d), 602.

Appellant's able counsel are, of course, thoroughly familiar with this rule, but they argue that this Court varied it in the decision in *Baker v. Graniteville Co.*, 197 S. C., 21, 14 S. E. (2d), 367, 371, and there held in effect that there must be an express finding of fact by the commission supported by the evidence upon which it is purportedly based, and that there was in fact no finding in the case now under appeal that the hernia in question suddenly appeared, as required by the Act. But we find in the award of the hearing commissioner, affirmed in this respect by the full commission, under the heading of conclusions of law, the definite finding that all of the requirements of Section 2(r) of the Act were satisfactorily proven, itemizing and quoting the requirements, including that the hernia must have appeared suddenly. We do not agree with the contention that because the conclusion is not set forth under the findings of fact it cannot be so considered. The proceedings by and before the commission are summary and may be informal (*McDonald v. Palmetto Theatres, supra*), in the words of the Act "as summary and simple as reasonably may be." § 54, 39 St. at Large, p. 1257.

That the accepted rule referred to was not impinged but followed in the *Baker case, supra*, is demonstrated by the last statement of the Court in its order on petition for rehearing of that case, as follows: "The petition has prompted a complete review of the record in this case. However, a reexamination convinces us anew that there is no competent

evidence from which a reasonable inference can be drawn that the blow upon the arm accelerated or aggravated the pre-existing disease of erysipelas which caused the death of claimant's husband."

As pointed out in the Circuit decree, the evidence was in sharp conflict as to whether the hernia suddenly appeared, particularly as to the alleged admission by the claimant concerning it; but such conflict presented a problem, as above indicated, for the commission and not for the Court. And that fact-finding body was under no duty or obligation to specify which evidence or which witnesses it believed or which it disbelieved. The commission recounted in its decision its very proper procedure in reversing a conclusion of the hearing commissioner whereby he disregarded the written evidence of the aforementioned admission and said "the Commission has taken cognizance of the affidavit and considered it together with all the other evidence * * *"

Appellant's exceptions to the judgment of the Circuit Court are overruled and it is affirmed.

The Circuit decree will be reported herewith.

Mr. Chief Justice Bonham and Messrs. Justices Baker and Fishburne concur.