WILLIAM C. HALLER v. NORTHERN PUMP COMPANY
AND ANOTHER.[1]

March 5, 1943.

No. 33,358.

[1]Reported in 8 N. W. (2d) 464.

*B. H. Flesher* and *E. F. Jacobson,* for relator.
*L. N. Foster* and *E. A. Linnee,* for respondents.

THOMAS GALLAGHER, JUSTICE.

*Certiorari* upon the relation of William C. Haller to review the action of the industrial commission in reversing the award of a referee in proceedings brought under the workmen's compensation act by relator-employe against the Northern Pump Company, employer, and the Travelers Insurance Company, insurer.

The undisputed facts briefly are as follows: Relator commenced work for the pump company on January 3, 1941. At that time it was disclosed that he had had a right inguinal hernia for approximately two years. This was held in place with a Brookes clamp and did not interfere with his ability to perform the services required of him by his employer.

He was first employed on a lathe and later on a lathing machine; and thereafter, for approximately five months before the accident, he worked on a "Bullard" machine, which required him frequently to lift steel castings weighing less than 150 pounds. His affliction did not interfere with the performance of this work.

On July 29, 1941, shortly after five p. m. in connection with his employment, relator, with the assistance of another employe, was required to lift a 250-pound steel socket ring casting from a "flat" or portable bin of castings, the top of which was either four or six feet above the ground. As relator and his assistant lifted the heavy casting over the top of the bin, either relator or his assistant slipped in such a way that the full weight of the casting was suddenly shifted to relator. He immediately felt a sharp pain in his right side "as the old hernia gave way," and he became dizzy and faint. He is confused as to whether he dropped the casting or was able to carry it to a bench a few feet away. He stopped work, and the company physician was immediately called to attend him.

The physician arrived at the employer's place of business between six and seven o'clock on the evening of the accident. At that time he testified that he found relator sitting down leaning

against the building and that he appeared to be pale and in pain. An examination made at that time disclosed that relator was wearing a truss and had a protruded right inguinal hernia in spite of the fact that the truss was in place.

Upon instruction of the physician, relator was taken to the Northwestern Hospital at that time, where an examination by said physician disclosed that relator could not return to his work without repair of the hernia by surgery. Subsequently the hernia was repaired by an operation performed by said company physician, relator remaining disabled thereafter until September 2, 1941.

The company physician testified that in his opinion relator suffered such disability by reason of the accident on July 29, 1941, which had acutely exacerbated relator's right inguinal hernia. On cross-examination, he testified that at the time of the operation he had not observed evidence of any recent hemorrhages or torn tissues, but it does not appear that he made any particular examination for these conditions at that or any other time.

Respondents offered no testimony whatever to controvert the evidence above set forth. The industrial commission refused to allow compensation on the foregoing facts, with one commissioner dissenting from the majority.

■ Under the foregoing undisputed facts, it is the opinion of this court that the finding of the commission to the effect that relator's disability was not due to any accidental injury sustained by him in his employment is without foundation. The rule is well established that the trier of fact "must accept as true the positive, unimpeached testimony of credible witnesses, unless the same is inherently improbable or rendered so by facts and circumstances disclosed at the hearing." Babich v. Oliver I. Min. Co. 157 Minn. 122, 125, 195 N. W. 784, 785, 202 N. W. 904. The commission failed to apply this rule to the evidence here presented, which was both undisputed and inherently probable and which necessitated findings directly the opposite of those made by the commission.

■ The undisputed facts bring the case squarely within the rule of this court that an actual aggravation of an existing infirmity by reason of accident occurring in the course of employment is compensable, even though a normal person might not have sustained disability as a result of the accident. Jacobs v. Village of Buhl, 199 Minn. 572, 273 N. W. 245; State ex rel. Jefferson v. District Court, 138 Minn. 334, 164 N. W. 1012. This principle is expressed in Walker v. Minnesota Steel Co. 167 Minn. 475, 476, 209 N. W. 635, as follows:

"1. The compensation act was designed for the protection of all laborers coming within its purview. That is, it does not apply to those only who are strong in body. Neither is it limited to those only who are normal. Those who are below normal, have a weakness, or a disease, are also within its protection. * * * It does not exclude the weak or physically unfortunate.

\* \* \* \* \*

"3. An actual aggravation of an existing infirmity caused by an accident in the course of employment is compensable, even though the accident would have caused no injury to a normal person."

The doctrine has been held applicable to cases involving aggravation of preëxisting hernia. In the case of Klika v. Independent School Dist. 161 Minn. 461, 463, 464, 202 N. W. 30, 31, the application of the rule is set forth as follows:

"That the relator may have been predisposed to hernia, that there was, using the language of respondent's witness, 'some previous condition that would bring it about,' does not prevent compensation.

\* \* \* \* \*

"Finally, though the employe is predisposed to what is commonly called a rupture, though there is a lack of physical integrity of the parts so that a rupture is likely to result some time, though he has a congenital or acquired condition favorable to its development, if an unusual strain or overexertion attendant upon

the work induces its development, that is the legal cause and the result is compensable."

See also Wilkins v. Ben's Home Oil Co. 166 Minn. 41, 207 N. W. 183.

The case of Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342, cited by respondents, does not appear to be in point. In that case, likewise involving a hernia, the commission found against the employe. The questions of fact there being in dispute, the findings of the commission were here affirmed under the well established rule that where there is any evidence to support the findings of the triers of fact they will be sustained by this court. In the instant case the evidence presented by relator is undisputed, and no evidence whatever was presented by respondents.

The proceeding is remanded with directions to award compensation.

An attorney's fee of $100 is allowed relator.

